## UNITED STATES v. ASBESTOS CORPORATION, Limited, et al.

District Court, S. D. New York.   May 31, 1929.

Charles H. Tuttle, U. S. Atty., of New York City (William J. Donovan, Asst. to the Atty. Gen., and Bethuel M. Webster, Jr., Sp. Asst. to the Atty. Gen., of counsel), for the United States.

Crawford & Harris, of New York City, for defendant Asbestos Corporation, Limited.

THACHER, District Judge.   The learned special master has, I think, correctly found that prior to August 3, 1927, the Asbestos Corporation was engaged in business transactions of such character, continuity, and volume within the state as to give it corporate presence here and to subject it to service of process.   Its business here was for the sale of its products to consumers. Prior to August 3, 1927, one of its agents, having a personal office and residing in this state, conducted business in its name and consummated contracts here.   Because of the volume and continuity of these transactions there can be no question of the correctness of the master's conclusion.   On August 3, 1927, this agent resigned, and thereafter the business was carried on through salesmen sent here from the company's office in Toronto, who systematically and regularly solicited orders from the trade, previously handled in the manner stated.   These orders were accepted in Canada and resulted in a continuous course of shipments from Canada to New York.   The volume of business was not affected by this change in practice.   The master has found that after the agent's resignation the activity of the corporation in this state was reduced "to little, if anything, beyond mere solicitation," and, so finding, has concluded that the service was invalid.

In view of the interpretation placed upon the rulings in International Harvester Co. v. Kentucky, 234 U. S. 579, 34 S. Ct. 944, 58 L. Ed. 1479, and Green v. Chicago, Burlington & Quincy Ry. Co., 205 U. S. 530, 27 S. Ct. 595, 51 L. Ed. 916, by the Court of Appeals in Tauza v. Susquehanna Coal Co., 220 N. Y. 259, 115 N. E. 915, it was at one time thought that the regular employment of salesmen in the solicitation of orders, resulting in continuous and substantial shipments into the state, without other business activities within the state, was enough to bring the corporation personally within the jurisdiction and to subject it to the process of the courts.   Even after the decision in People's Tobacco Co. v. American Tobacco Co., 246 U. S. 79, 87, 38 S. Ct. 233, 62 L. Ed. 587, Ann. Cas. 1918C, 537, a case which limits the ruling in the Harvester Case to its own facts, and perhaps extends the ruling in the Green Case to solicitation of orders resulting in continuity of shipment into the state, Judge Learned Hand thought a searching analysis of the whole subject would have been necessary, if the question here presented had arisen in Hunau v. Northern Region Supply Corp. (D. C.) 262 F. 181.   But the question is no longer open to examination in this.

court. The present state of the law is authoritatively declared in Davega, Inc., v. Lincoln Furniture Mfg. Co., 29 F.(2d) 164, a decision of the Circuit Court of Appeals for this circuit, which fully sustains the learned master in his ruling that the service upon the Asbestos Corporation was invalid.

■ Having succeeded in its contention with reference to the invalidity of the service, the Asbestos Corporation contended before the master, and contends here, that the complaint as against it should be dismissed. While it it true that the service was invalid, because the corporation was not "found" here, it does not follow that the suit may not be maintained here, if service can be made in any district where the defendant may be found. Section 12, Clayton Act, 38 Stat. 736; 15 USCA § 22; Eastman Co. v. Southern Photo Materials Co., 273 U. S. 359, 47 S. Ct. 400, 71 L. Ed. 684. Consequently the master was correct in his conclusion that the complaint should not be dismissed as to the Asbestos Corporation.

■ The plaintiff excepted to various rulings of the master excluding evidence, and to his denial of plaintiff's motion to reopen the hearing for the purpose of taking additional proofs. The evidence thus excluded, if relevant at all, related to activities of the corporation before August 3, 1927. The master having concluded the issue in favor of the plaintiff, so far as that period was concerned, there could be no prejudicial error in these rulings. It seems to be argued that the testimony had some bearing upon the defendant's motive and intent, but such questions were not pertinent to the present inquiry regarding the validity of the service. International Harvester Co. v. Kentucky, 234 U. S. 579, 585, 34 S. Ct. 944, 58 L. Ed. 1479.

The report will be confirmed and adopted, and the service vacated and set aside. Settle order on notice.