WIGGINTON, Chief Judge
(dissenting).
For the reasons outlined at the conclusion of this opinion, I regretfully find myself in disagreement with my respected colleagues on the holdings expressed in each of their opinions.
Defendant seeks review by interlocutory appeal of an order sustaining its motion to dismiss the complaint for lack of jurisdiction over defendant’s person, but granting plaintiff leave to have alias summons issued for proper service on defendant. The error assigned is that portion of the order granting plaintiff leave to have alias summons issued, and refusing to dismiss the cause.
On June 18, 1957, appellee filed his complaint alleging a cause of action under the Jones Act.[1] It is noted that under the cited Act plaintiff had the election of instituting his suit either in the Federal Court of the district in which defendant resides, or in which its principal office is located, or in any state court of proper jurisdiction and venue as provided by the laws of such state.[2] Damages were sought for injuries allegedly sustained on September 8, 1954, while in defendant’s employ.
*715 Plaintiff made two successive futile attempts over a period of fourteen months to effect personal service on defendant. Such failure resulted from plaintiff’s inability to locate anyone in this state on whom service of process would bind defendant.
If in fact defendant was or had been doing business in Florida as speculated in Judge Carroll’s opinion, service of process on the Secretary of State pursuant to Section 47.16, F.S., F.S.A., would have effectively ' bound defendant. The absence from the record of any showing that an attempt was made to serve defendant in this manner would seem to foreclose that speculative possibility. At neither of the hearings before the court on defendant’s motion to dismiss the complaint did plaintiff make any showing whatever that a likelihood or probability existed that he could ever serve defendant with process within the court’s jurisdiction, either in the near or distant future.
Rule 1.11(b), F.R.C.P., authorizes certain defenses to be interposed by motion, including lack of jurisdiction over the person of defendant. The cited rule is patterned after Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Decisions of courts in the federal jurisdiction interpreting Rule 12(b) are persuasive in our interpretation of comparable Rule 1.11(b) in effect in this jurisdiction[3], and should be accorded great weight.
Rule 1.11(b) does not in terms refer to any particular type of motion, but the' usual method of raising the defenses enumerated therein is by motion to dismiss. There appears to be a distinct difference of opinion among various courts as to whether this motion is to be treated essentially the same as a demurrer, or whether it should not be so considered. It is agreed, however, that the trial court has a wide range of discretion in passing upon motions to dismiss, but ordinarily will not dismiss the complaint except where every opportunity has been afforded the plaintiff, either by amendment or otherwise, to cure the insufficiencies raised by any of the defenses enumerated in the rule.[4]
It has been generally held that even though a motion to dismiss because of lack of jurisdiction over the person of defendant is granted by the court, it does not follow as a matter of course that the complaint itself must be dismissed. If evidence submitted by plaintiff indicates a probability that jurisdiction over defendants may be obtained by issuance and service of an alias summons, the complaint will not be dismissed.[5] The refusal of the trial court to dismiss a complaint under these circumstances will not be disturbed absent a showing of abuse of discretion.
The rule is equally well established, however, that if upon the hearing on defendant’s motion to dismiss, it appears-without substantial contradiction that the court, does not have jurisdiction of defendant, and no showing is made by plaintiff that there exists a likelihood that process can be lawfully served on defendant, the motion to dismiss should be granted and the complaint dismissed.[6] The dis *716 missal of a complaint in such a situation, however, results solely from the lack of jurisdiction of the court, and is therefore not an adjudication of the merits of the cause of action. Consequently such a dismissal does not prejudice the right of the plaintiff to file another complaint when and if it appears that the court may obtain jurisdiction of the person of the defendant.[7]
The opinion by Judge Carroll appears to agree generally with the foregoing interpretations placed upon the rule in question by other courts. The fallacy of his reasoning lies in his conclusion that the burden rests on the defendant to convince the court that there is no probability or likelihood that defendant can be properly served with process within the court’s jurisdiction either in the near or distant future. Such conclusion not only does violence to the traditional concept that the burden always rests on the plaintiff to select a forum for the institution of his suit in which jurisdiction over the defendant can be lawfully acquired, but is contrary to the express holdings of the federal courts in their interpretation of this precise issue. No authority to the contrary is cited in either of the two affirming opinions as support for the positions taken therein.
When service of process was twice attempted and in each instance failed because of plaintiff’s inability to locate any one upon whom service of process would bind defendant, the burden rested squarely on plaintiff, as a condition for non-dismissal of his action, to convince the court that a reasonable probability or likelihood for effecting valid service on defendant existed. Failure of plaintiff to so assure the court left no alternative to dismissal of the action.
Retention of a case on the court’s docket for an indefinite period of time without a clear showing of reasonable likelihood that service of process can be effected not only imposes an unjustified penalty on the party named as defendant therein but defeats the salutary purpose intended to be served by the statutes of limitation. A proper administration of justice contemplates protection of the rights of defendants, as well as those of plaintiffs. The mere pendency of an action for damages against a person, firm or corporation named as defendant therein impairs such defendant’s credit and to that extent adversely interferes with its ability to conduct its business in a normal fashion. Unless the plaintiff can show a legal right and present ability to progress his cause of action to a final conclusion in accordance with lawful procedures, the defendant named therein should not be required to suffer the disadvantage inherent in the continuing threat to its resources which the pending action poses.
The record before us clearly reveals the trial court’s lack of jurisdiction over the person of defendant, and the order granting defendant’s motion to dismiss on that ground was proper. The record is devoid of any evidence indicating a probability or likelihood that plaintiff will be able to obtain service of process on defendant within the jurisdiction of the court in any manner provided by the laws of this State. There was no evidence before the trial court on which it could validly exercise its discretion in refusing to dismiss the complaint. That portion of the order appealed from granting leave to plaintiff to issue alias summons for proper service on defendant is therefore erroneous. To the extent mentioned, the order appealed from should be reversed and the cause remanded with directions to enter an order dismissing the complaint without prejudice.
That portion of the opinion authored by Judge STURGIS which in effect holds *717 that the trial judge has unbridled authority (as distinguished from judicial discretion), despite an acknowledged lack of jurisdiction over defendant’s person, to retain the cause on the docket for an indeterminate period of years is predicated entirely upon an erroneous interpretation of Rule 1.3(d), F.R.C.P.[8] It requires but a cursory examination of the cited rule to appreciate its inapplicability to the question now before us. In the first place, Rule 1.3(d) applies only to those cases involving multiple defendants, whereas the case on review involves only a single defendant. Secondly, the cited rule authorizes issuance by the clerk of additional summons as directed by plaintiff’s attorney only when the officer’s return shows that one or more of the named defendants were not served at all, or where one or more defendants were actually served but in an improper manner. In the case on review neither of the grounds for issuing additional summons is present. The officer’s return in this case does not recite that the defendant herein was not served, nor does it recite facts showing that service was effected on this defendant, but in an improper manner. The return actually recites that the defendant was served with process in a proper • manner as required by law. However, the proof showed, and the court agreed, that despite the recitals in the officer’s return the defendant was not bound by the service effected on the person named in the return, and the court therefore lacked jurisdiction over defendant’s person. It then became a matter for the court to determine on the showing made by plaintiff whether there existed a probability or likelihood that lawful service could be effected on defendant if additional process was allowed. Upon the failure or inability of plaintiff to make such showing before the court, the defense of lack of jurisdiction should have been sustained and the cause dismissed.
I must confess complete inability to follow the reasoning of the Sturgis opinion which holds that this court is without jurisdiction to review by interlocutory appeal the order involved in this case. Such holding is in direct conflict with the plain and unmistakable language of Rule 4.2(a), F.A.R., which provides that appeals from interlocutory orders at common law relating to jurisdiction over the. person may be prosecuted in accordance with the rule. The order here reviewed is one entered at common law and relates solely and exclusively to jurisdiction over defendant’s person. Either party who feels himself aggrieved by any provision of this order may have it reviewed in this court by interlocutory appeal. To hold that a trial judge may retain a case on the docket for an indefinite period of time without a showing of justification therefor, and such action is not subject to review, is in direct contradiction to the only portion of the Sturgis opinion with which I am able to agree and in which it is said that: “In keeping with Section 4 of the Declaration of Rights, F.S.A., Constitution of Florida, the trial courts, and inferentially the appellate courts, are enjoined to construe the rules of procedure in such manner as to ‘secure the just, speedy and inexpensive determination of every action.’ ”
For the reasons herein stated I entertain a conscientious difference of opinion on the fundamental principles enunciated in the two opinions of affirmance and must therefore record this my dissent.

. Title 46 U.S.O.A. § 688.

. Long v. General Petroleum Corporation of California, 1936, 11 Cal.App.2d 708, 54 P.2d 1147.

. State ex rel. Eli Lilly & Co. v. Shields, Fla.1955, 83 So.2d 271, 272.

. Barron & Holtzoff, Federal Practice and Procedure, Yol. 1, § 348, p. 602-604.

. Murphy v. Campbell Soup Co., D.C.D. Mass.1930, 40 F.2d 671; United States v. Asbestos Corp., Ltd., D.C.S.D.N.Y. 1929, 34 F.2d 182; Anderson v. British Overseas Airways Corp., D.C.S.D.N.Y. 1956, 149 F.Supp. 68.

.Thomas v. Furness, 9 Cir., 1948, 171 F.2d 434; Jones v. Motorola, Inc., 2 Cir., 1951, 186 F.2d 707; Orange Theatre Corp. v. Rayherstz Amusement Corp., 3 Cir., 1944, 139 F.2d 871; Sunbeam Corp. v. Payless Drug Stores, D.C.N.D.Cal.1953, 113 F.Supp. 31; Fulton v. Twentieth Century-Fox Film Corp., D.C.W.D.Mo.1953, 111 F.Supp. 874; Olshansky v. Thyer Mfg. Corp., D.C.N.D.III. 1952, 13 F.R.D. 227; State ex rel. Stevens v. Grimm; 192 Wis. 601, 213 N.W. *716 475; Denton v. Vassiliades, 212 N.C. 513, 193 S.E. 137.

. Orange Theatre Corp. v. Rayherstz, supra note 6.

. “If there is more than one defendant, the clerk shall issue as many writs of summons against the several defendants as may be directed by the plaintiff or his attorney. When any summons shall be returned not executed or returned improperly executed as to any defendant, the plaintiff shall he entitled to such additional summons against such defendant or defendants, as may be required to effect service.” Rule 1.3(d), F.R.C.P.