## CINCINNATI STREET RAILWAY COMPANY *v.* SNELL.

### ERROR TO THE SUPREME COURT OF THE STATE OF OHIO.

No. 124.   Argued January 14, 1904.—Decided February 23, 1904.

The Fourteenth Amendment safeguards fundamental rights and not the mere form which a State may see proper to designate for their enforcement and protection; and where such rights are equally protected and preserved they cannot be said to be denied because of the forum in which the State deems it best to provide for a trial.

The mere direction of a state law that the venue of a cause under given circumstances shall be transferred does not violate the equal protection of the laws where the laws are equally administered in both forums.

Section 5030, Revised Statutes of Ohio, providing for a change of venue under certain conditions, where a corporation having more than fifty stockholders is a party, is not repugnant to the provisions of the Fourteenth Amendment.

THE facts are stated in the opinion of the court.

*Mr. John W. Warrington,* with whom *Mr. E. W. Kittredge* was on the brief, for plaintiff in error:

Corporations are persons within the meaning of the Fourteenth Amendment. *Smyth* v. *Ames,* 169 U. S. 466, 522. Plaintiff in error is a domestic corporation and was, therefore, entitled in the court, where this suit was brought, to privileges equal to those of its adversary, touching the right to change

of venue, unless at least the corporation was eliminated in this regard from the category of natural persons through some rational and not arbitrary statutory classification. *Blake* v. *McClung*, 172 U. S. 239, 260; *Cotting* v. *Kansas City Stock Yard Co.*, 183 U. S. 79; *State* v. *Haun*, 51 Kansas, 146.

If once the door is opened to the affirmance of the proposition that a State may regulate one who does much business, while not regulating another who does the same but less business, then all significance in the guarantee of the equal protection of the laws is lost. *Connolly* v. *Union Sewer Pipe Co.*, 184 U. S. 540; *Gulf, Colo. & S. F.* v. *Ellis*, 165 U. S. 150, 153, 161; *Chicago &c. R. R. Co.* v. *Moss*, 60 Mississippi, 641.

The present statute cannot be confounded with state legislation limiting the right of trial by jury as to the whole number of a natural and distinct class, *Walker* v. *Sauvinet*, 92 U. S. 90; or with a statute prohibiting all foreign corporations violating the enactment from doing business within the State, *Waters-Pierce Oil Co.* v. *Texas*, 177 U. S. 28; or with a state law vesting in the courts power to change the place of trial as to all persons alike who are prosecuted for criminal violations. *Gut* v. *The State*, 9 Wall. 35; nor upheld under the right of States to establish police regulations, *Railway Co.* v. *Matthews*, 174 U. S. 96; or to classify the subjects of taxation, *American Sugar Refining Co.* v. *Louisiana*, 179 U. S. 89; *Billings* v. *Illinois*, 188 U. S. 97; or to classify the contracts of certain corporations, like insurance companies, *Fid. Mut. Life Association* v. *Mettler*, 185 U. S. 308, 326.

This court is not concluded by the opinion of the Supreme Court of the State. *Yick Wo* v. *Hopkins*, 118 U. S. 356, 366; *Atchison, Topeka &c. R. R.* v. *Matthews*, 174 U. S. 96, at 100.

*Mr. John W. Wolfe*, with whom *Mr. Thomas L. Michie* was on the brief, for defendant in error:

Section 5033, Rev. Stat. Ohio is not unconstitutional. It does not impose a penalty nor is it class legislation but merely furnishes a rule applicable to all parties similarly situated, and coming within the terms of its provision, by which to guarantee to everyone a fair trial free from all local influences.

There is no presumption that one court created by the laws of the State of Ohio will not give just as fair a trial as any other court in the same State. This court has always leaned to the construction of state statutes by the courts of last resort of the State.

In determining whether the legislature in a particular enactment has passed the limits of its constitutional authority, every reasonable presumption must be indulged in favor of the validity of such enactment. *Sweet* v. *Rechel*, 159 U. S. 380, 392; *Pressler* v. *Illinois*, 116 U. S. 252, 269.

The Fourteenth Amendment does not enlarge the privileges or immunities of a citizen of the United States, but furnishes a guaranty for existing privileges and immunities and prohibits the State from abridging them. *Bradwell* v. *The State*, 16 Wall. 130; *In re Lockwood, Petitioner*, 154 U. S. 116.

The Fourteenth Amendment does not profess to secure to all persons in the United States the benefit of the same laws and the same remedies. Great diversity in these respects may exist in two States separated by an imaginary line. On one side of this line there may be a right of trial by jury, and on the other side no such right. Each State prescribes its own modes of judicial proceeding. *Missouri* v. *Lewis*, 101 U. S. 22, 31. There is no constitutional objection to legislation that is special in its character. *Missouri Ry. Co.* v. *Mackey*, 127 U. S. 205, 209; *Missouri Pac. Ry. Co.* v. *Humes*, 115 U. S. 512; *Minn. R. Co.* v. *Beckwith*, 129 U. S. 26; *Minn. & St. L. Ry.* v. *Emmons*, 149 U. S. 364; *St. Louis & San Fran. Ry. Co.* v. *Mathews*, 165 U. S. 1; *Hayes* v. *Missouri*, 120 U. S. 68; *Bell's Gap Ry. Co.* v. *Pennsylvania*, 134 U. S. 237; *Atchison, Topeka & Santa Fé R. R. Co.* v. *Mathews*, 174 U. S. 96. See also *Waters-Pierce Oil Company* v. *Texas*, 177 U. S. 28.

The States may regulate trials in their own way. *Walker* v. *Sauvinet*, 92 U. S. 90; *Gut* v. *The State*, 9 Wall. 35; *N. Y. & R. R. Co.* v. *New York*, 165 U. S. 628.

MR. JUSTICE WHITE delivered the opinion of the court.

Snell, the defendant in error, sued the railway company, the plaintiff in error, in the Common Pleas Court of Hamilton

County, Ohio, to recover for alleged personal injuries. Availing of a section of the Ohio statutes, Snell moved that the cause be transferred for trial to the Court of Common Pleas. of an adjoining county, and reserved an exception to a denial of such request. The trial resulted in a verdict in favor of the railway company.

Error was prosecuted by Snell to the Circuit Court of Hamilton County, and the judgment being affirmed in that court the case was taken to the Supreme Court of Ohio. The error complained of was the refusal of the trial court to grant a transfer of the cause. The railway company insisted in both courts that the transfer had been rightly refused on technical grounds, and because the state statute upon which the transfer was asked was repugnant to the Fourteenth Amendment to the Constitution of the United States. The Supreme Court of Ohio decided that under the state statute the court should have transferred the cause and that the statute which required this transfer was not repugnant to the Fourteenth Amendment. 60 Ohio St. 256. The case was then brought to this court by the railway company and was dismissed because the judgment of the Supreme Court of the State was not final. *Cincinnati Street Railway Company* v. *Snell*, 179 U. S. 395. The cause thereupon proceeded in the state court and was transferred from Hamilton County to the Common Pleas Court of an adjoining county, where a trial was had, which resulted in a verdict and judgment in favor of Snell. The railway company prosecuted error to the Circuit Court of the county, and, failing to secure a reversal in that tribunal, carried the case to the Supreme Court of Ohio, by which court the judgment of the trial court was affirmed. In all the courts the railway company reiterated its contention concerning the repugnancy to the Constitution of the United States of the statute providing for the transfer of the cause, and its claims on this subject were expressly overruled. This writ of error was thereupon allowed.

Section 5030 of the Revised Statutes of Ohio, upon which the application for the transfer of the cause was allowed, is as follows :

" When a corporation having more than fifty stockholders
is a party in action pending in a county in which the corpora-
tion keeps its principal office, or transacts its principal business,
if the opposite party make affidavit that he cannot, as he be-
lieves, have a fair and impartial trial in that county, and his
application is sustained by the several affidavits of five credi-
ble persons residing in such county, the court shall change the
venue to the adjoining county most convenient for both
parties."

The Supreme Court of Ohio, in disposing of the objection
that the statute was repugnant to the equal protection and the
due process clauses of the Fourteenth Amendment, among
other things, said :

" We are unable to adopt that view. It has never been re-
garded as essential to the validity of remedial procedure that
it should be applicable in all of its provisions to all persons or
parties, alike. Different situations and conditions often render
appropriate and necessary different provisions, the necessity
or propriety of which rests largely in the legislative discretion.

*     *     *     *     *     *     *     *

" Generally, actions against individuals must be brought in
the county where the defendant resides or may be personally
served with process ; and generally, actions against corpora-
tions are required to be brought in the county in which the
corporation is situate, or has its principal office or place of
business, or an office or agent ; while insurance companies
may be sued in any county where the cause of action or
any part of it arose, a mining corporation in any county in
which it owns or operates a mine, and a railroad company in
any county into which the road runs. Of a like nature are
regulations for changes of venue. They are designed to se-
cure to parties a fair and impartial trial of their causes, which
is the ultimate and highest purpose of judicial proceeding ; and
the extent to which such regulations may go, for the accomplish-
ment of that purpose, is addressed to a sound legislative discre-
tion, in view of the nature of the case to be provided for, and
the probable conditions likely to arise."

And in further commenting upon the effect of the remedy

which the statute afforded upon the substantial rights of the parties, the court observed:

"In neither case, however, is any party deprived of the equal protection of the law, for each is assured of a fair trial, with equal opportunities to establish and enforce his rights; nor is the remedy by due course of law denied, because in the forum to which the cause is removed, the trial is conducted in the same way, under the same mode of procedure, as in that from which it was changed, with all remedial rights of the parties unimpaired. The only complaint is that the trial will be attended with some inconvenience and additional expense; but in that respect both parties are equally affected, and must necessarily be so in any change of venue for any cause; and the objection is, we think, insufficient to annul a statute, otherwise unobjectionable, which, in the legislative estimation, was demanded in order to secure the impartial administration of justice."

None of the errors assigned or arguments advanced to sustain them pretend that any unequal law governed the trial of the cause in the courts below or that the result of such trial was a denial of the equal protection of the laws. The sole contention is that the equal protection of the laws was denied because an equal opportunity was not afforded to secure a transfer of the cause from the court in which it was originally brought to the court in which it was ultimately tried. Thus, it is argued that the plaintiff Snell under the statute was given the right to have the cause transferred whilst a like right was not conferred on the corporation; that the existence of prejudice justifying the transfer was made by the statute to depend upon the domicil and number of stockholders in the corporation, while no equivalent right was given the corporation growing out of any prejudice which might have existed against the corporation, it being moreover asserted that the causes stated in the statute as basis for the transfer furnish no just ground for the classification made by the statute. The entire ground, therefore, relied on to show that the statute is repugnant to the Fourteenth Amendment rests upon the assumption that such amendment not only secures that the

rights and obligations of persons shall be measured by equal laws, but also that the provisions of the amendment control the States in the creation of courts and in the provisions made for the trial of causes in the courts which are created.

This proposition, however, was long since decided to be untenable. *Missouri* v. *Lewis,* 101 U. S. 22; *Chappel Chemical & Fertilizer Company* v. *Sulphur Mines Company,* 172 U. S. 474. In the first of these cases it was directly held that the Fourteenth Amendment did not operate to deprive the several States of the complete power to create such courts as were deemed essential, and to endow them with such jurisdiction as was considered appropriate. This being true, it follows, as the lesser is contained in the greater power, that the state law which authorized under enumerated circumstances and conditions the transfer of the cause from one court to another, was equally unaffected by the provisions of the Fourteenth Amendment. But conceding, *arguendo,* the contrary, this case is without merit.

As previously shown, the Supreme Court of the State of Ohio pointed out in its opinion that the rights of the parties were governed in the court to which the case was transferred by the same law and the same rules which would have prevailed had the case been tried in the court in which it was originally brought. And this has not been challenged either by the assignments of error or any of the arguments made to sustain them. The proposition to which the case reduces itself is therefore this: That although the protection of equal laws equally administered has been enjoyed, nevertheless there has been a denial of the equal protection of the law within the purview of the Fourteenth Amendment, only because the State has allowed one person to seek one forum and has not allowed another person, asserted to be in the same class, to seek the same forum, although as to both persons the law has afforded a forum in which the same and equal laws are applicable and administered. But it is fundamental rights which the Fourteenth Amendment safeguards and not the mere forum which a State may see proper to designate for the enforcement and protection of such rights. Given therefore a condi-

tion where fundamental rights are equally protected and preserved, it is impossible to say that the rights which are thus protected and preserved have been denied because the State has deemed best to provide for a trial in one forum or another. It is not under any view the mere tribunal into which a person is authorized to proceed by a State which determines whether the equal protection of the law has been afforded, but whether in the tribunals which the State has provided equal laws prevail.

It follows that the mere direction of the state law that a cause under given circumstances shall be tried in one forum instead of another, or may be transferred when brought from one forum to another, can have no tendency to violate the guarantee of the equal protection of the laws where in both the forums equality of law governs and equality of administration prevails. In *Iowa Central Railway Company* v. *Iowa,* 160 U. S. 389, 393, this court said:

"But it is clear that the Fourteenth Amendment in no way undertakes to control the power of a State to determine by what process legal rights may be asserted or legal obligations be enforced, provided the method of procedure adopted for these purposes gives reasonable notice and affords fair opportunity to be heard before the issues are decided. This being the case, it was obviously not a right, privilege or immunity of a citizen of the United States to have a controversy in the state court prosecuted or determined by one form of action instead of by another."

And the same principle was reiterated in *Backus* v. *Fort Street Union Depot Company,* 169 U. S. 557, 569, and in *Wilson* v. *North Carolina,* 169 U. S. 586. It was further expressed in *Williams* v. *Eggleston,* 170 U. S. 304, and in *Louisville & Nashville Railroad Company* v. *Schmidt,* 177 U. S. 230. The cases decided in this court which are relied upon at bar to sustain the contrary contention are not apposite. They are *Gulf, Colorado & Santa Fé Railroad Company* v. *Ellis,* 165 U. S. 150; *Cotting* v. *Kansas City Stock Yards Company,* 183 U. S. 79, and *Connolly* v. *Union Sewer Pipe Company,* 184 U. S. 540. Each of these cases involved determining whether

the provisions of particular state laws were so unequal in their operation upon the rights of parties as to engender the inequality prohibited by the Fourteenth Amendment. None of the cases, therefore, lends support to the proposition upon which this case depends; that is, that although there has been no denial of the equal protection of the laws, nevertheless such denial must be held to exist only because the State has seen fit to direct under particular conditions a trial of a cause in one forum instead of in another, when in both forums equal laws are applicable and an equal administration of justice obtained.

*Affirmed.*