[Civ. No. 9793.   First Appellate District, Division One.—February 14, 1936.]

JOHN C. LONG, Respondent, v. GENERAL PETROLEUM CORPORATION OF CALIFORNIA (a Corporation), Appellant.

Martin J. Weil, W. L. Appleford and Harris F. Shaw for Appellant.

Resleure, Vivell & Pinckney for Respondent.

KNIGHT, J.—The defendant, a foreign corporation authorized by this state to transact herein intrastate business, made a motion in the above-entitled action to change the place of trial thereof from the city and county of San Francisco to the county of Los Angeles upon the ground that it was and is a resident of the latter county and has its principal offices and place of business therein. The motion was denied and it has appealed from the order made in that behalf. We find no error in the trial court's ruling. .

The action is one for damages instituted under the authority of a federal statute known as the Jones Act (see sec. 33, Merchant Marine Act of June 5, 1920, chap. 250, U. S. C. A., title 46, sec. 688), it being alleged in the complaint that during the course of plaintiff's employment as a fireman aboard the defendant's tanker "Lebec" and while the ship was moored at a dock at West Portland, Oregon, he sustained personal injuries which were proximately caused by his employer's negligence.

It is well settled that state courts have concurrent jurisdiction with federal courts in the enforcement of such a right of action (*Engel* v. *Davenport,* 271 U. S. 33 [46 Sup. Ct. 410, 70 L. Ed. 813]; *Panama R. R. Co.* v. *Vasquez,* 271 U. S. 557 [46 Sup. Ct. 596, 70 L. Ed. 1085]); furthermore that if the federal jurisdiction be invoked, the action must be brought, as provided in said act, in the court of the district in which the employer resides or in which his principal office is located, and that if the action be brought in a state court the venue must be determined in accordance with the law of the state wherein the action is instituted. (*Bainbridge* v. *Merchants etc. Transp. Co.,* 287 U. S. 278 [53 Sup. Ct. 159, 77 L. Ed. 302].) Section 395 of the California Code of Civil Procedure, governing the place of trial of personal actions against nonresidents, provides that "if none of the defendants reside in the state . . . the action may be tried in any county which the plaintiff may designate in his

complaint"; and in this connection it has been definitely held that in the absence of any special statute to the contrary, a foreign corporation authorized to transact business in this state has no residence in this state; that it is a resident of the state of its creation and that consequently a personal action may be brought and tried against a foreign corporation in any county in the state. (*Thomas* v. *Placerville G. Q. M. Co.*, 65 Cal. 600 [4 Pac. 641]; *Waechter* v. *Atchison etc. Co.*, 10 Cal. App. 70 [101 Pac. 41]; *Ryan* v. *Inyo Cerro Gordo Min. etc. Co.*, 41 Cal. App. 770 [183 Pac. 250].)

■ Defendant contends, however, that the rule of the cases last above cited concerning the residence of a foreign corporation was nullified by the subsequent repeal of sections 405 and 408 of the Civil Code and the reenactment in 1927 of section 405; that the reenacted section contains provisions different from those embodied in the repealed sections, and that by complying with the requirements of section 405 as reenacted, defendant, as a foreign corporation, placed itself on an equal footing with a domestic corporation which under section 16 of article XII of the state Constitution "may be sued in the county . . . where the obligation or liability arises . . . or in the county where the principal place of business of such corporation is situated, subject to the power of the court to change the place of trial as in other cases". We are unable to sustain such contention.

The provisions of said section 405 as reenacted provide merely, so far as we are here interested, that before transacting intrastate business in this state a foreign corporation must file with the Secretary of State a certified copy of its articles and a statement setting forth (1) the location and address of its principal offices, (2) the location and address of its principal office within the state, and (3) the name and address of some person in the county in which its principal office in this state is located upon whom process directed against said corporation may be served; and sections 405 and 408 prior to their repeal required a foreign corporation to file with the Secretary of State a copy of its articles and a designation of some person in this state upon whom process could be served; also a copy thereof duly certified as prescribed in section 408 with "the county clerk of the county *where its principal place of business is located,* and also where such corporation owns property". (Italics ours.) It will be seen,

therefore, that the only change brought about by the repeal and reenactment of said code sections was in the form of procedure that shall be followed by a foreign corporation seeking to transact in this state intrastate business, and that such change did not nor do the terms of the reenacted section themselves purport to have any bearing whatever upon the question of the domicile of a foreign corporation; and as expressly held in the Waechter case, *supra,* in construing the effect of the statutory requirements of sections 405 and 408 prior to their repeal, a foreign corporation by complying with those requirements, and consequently authorized to transact intrastate business, does not thereby become a domestic corporation. Moreover, two cases have arisen and been decided since the 1927 reenactment of section 405 wherein the reviewing court restated the rule of the earlier cases that a foreign corporation by complying with statutory requirements to transact business in this state does not establish a residence in any particular county, such as is contemplated by the provisions of the Code of Civil Procedure relating to the place of trial. (*Herbold* v. *Atchison etc. Ry. Co.,* 117 Cal. App. 430 [4 Pac. (2d) 184]; *Rowland* v. *Bruton,* 125 Cal. App. 697 [14 Pac. (2d) 116].)

Defendant further contends that in any event a state statutory regulation or judicial doctrine purporting to treat foreign corporations differently from domestic corporations in the matter of designating the place of trial of personal actions brought against them, is violative of that clause of the Fourteenth Amendment to the federal Constitution which declares that no state shall deny to any person within its jurisdiction the equal protection of the laws. The contentions made in this behalf are fully disposed of by the decision in the case of *Cincinnati Street Ry. Co.* v. *Snell,* 193 U. S. 30 [24 Sup. Ct. 319, 48 L. Ed. 604]. It is there held that the mere direction of the state law that a cause under given circumstances shall be tried in one forum instead of another, or may be transferred when brought from one forum to another, can have no tendency to violate the guarantee of equal protection of the laws where in both forums equality of law governs and the equality of administration prevails; and that therefore given a condition where fundamental rights are equally protected and preserved, it is impossible to say that the rights which are thus protected and pre-

served have been denied because the state has deemed best to provide for a trial in one forum or another; that it is not under any view the mere tribunal into which a person is authorized to proceed by a state which determines whether the equal protection of the law has been afforded, but whether in the tribunals which the state has provided equal laws prevail; in other words, that it is the fundamental rights which the Fourteenth Amendment safeguards, and not the mere forum which a state may see proper to designate for the enforcement and protection of such rights. And in the present situation, it matters not in which particular county in the state an action of this kind may be brought and tried, or whether it be brought against a foreign or a domestic corporation, because the law governing the fundamental rights of either corporation in the trial and determination of the action in any county in the state are the same and an equality of administration therein prevails.

The effect of the statute involved in the case of *Power Mfg. Co.* v. *Saunders,* 274 U. S. 490 [47 Sup. Ct. 678, 71 L. Ed. 1165], cited by defendant, is quite different from that presented by the laws under consideration here, and for that reason the decision in that case is not here controlling.

The order appealed from is affirmed.

Tyler, P. J., and Cashin, J., concurred.