## MARYLAND CASUALTY COMPANY, Appellant,

v.

## Frank M. TORREZ, Appellee.

### No. 3737.

Court of Civil Appeals of Texas.

Eastland.

July 20, 1962.

Rehearing Denied Sept. 7, 1962.

**560**

Crenshaw, Dupree & Milam, Lubbock, for appellant.

Scarborough, Black & Tarpley, Abilene, A. C. Cooke, Post, for appellee.

WALTER, Justice.

This is a venue case. Frank M. Torrez filed suit against Maryland Casualty Company in Taylor County. Maryland Casualty Company filed a plea of privilege. Torrez filed a controverting affidavit and alleged Taylor County had venue under that portion of Subdivision 27 of Article 1995 of the Vernon's Ann.Revised Civil Statutes of Texas which provides that foreign corporations may be sued "in any county where such company may have an agency or representative." In a non-jury trial, the plea of privilege was overruled.

Maryland Casualty Company has appealed. It contends that portion of said Subdivision 27 relied upon by appellee is unconstitutional because venue could be maintained against a foreign corporation by merely proving that the company had an agency or a representative in such county, whereas, under Subdivision 23 of Article 1995, a cause of action must also be proved against a domestic corporation to maintain venue in such county. It contends this affords a wider venue against foreign corporations than is afforded against domestic corporations and is, therefore, unconstitutional in that it denies it the equal protection of the laws guaranteed by the 14th Amendment of the United States Constitution.

The Beaumont Court of Civil Appeals in the case of Fireman's Fund Insurance Company v. McDaniel, 327 S.W.2d 358, (no writ history), held this portion of said subdivision 27 unconstitutional. The court said:

"We are of the opinion, however, that by reason of the conflicts existing between the two subdivisions, foreign corporations in Texas, of Fireman's Fund's status, are deprived of their constitutional rights to equal laws, equally administered. * * * We accordingly hold Sub. 27 of Art. 1995, Vernon's Ann.Civil Statutes of Texas, as amended, to be unconstitutional under the 14th Amendment to the United States Constitution as it relates to the venue of suits against foreign corporations of Fireman's Fund's status to the extent that it conflicts with the provisions of Sub. 23 of Art. 1995, as amended, by Acts 1943, 48 Leg."

We have reached the conclusion that the decision in Fireman's Fund Insurance Company v. McDaniel, (supra), is in point and controlling in the instant case.

The judgment of the trial court is reversed and remanded with instructions to transfer the case to Lubbock County.