Frank M. TORREZ, Appellant,

v.

MARYLAND CASUALTY COMPANY,
Respondent.

No. A–9261.

Supreme Court of Texas.

Nov. 28, 1962.

Rehearing Denied Jan. 16, 1963.

Scarborough, Black & Tarpley, Abilene,
A. C. Cooke, Post, for petitioner.

Crenshaw, Dupree & Milam, Lubbock,
Cecil Kuhne, Jr., Lubbock, for respondent.

PER CURIAM.

█ This is a plea of privilege case.
The Court of Civil Appeals has held that
Subdivision 27 of Article 1995, Vernon's
Ann.Tex.Stats. is unconstitutional in that
it denies to foreign corporations the equal
protection of the law guaranteed by the
Fourteenth Amendment to the Constitution
of the United States. 359 S.W.2d 559. No

dissenting opinion was filed in the lower appellate court, consequently our jurisdiction depends entirely upon there being a conflict of decisions, that is, the application for writ of error must show that the Court of Civil Appeals has held differently from a prior decision of another Court of Civil Appeals, or of the Supreme Court, upon a question of law material to a decision of the case. Article 1728. Articles 1728 and 1821 relating to the jurisdictions of the Supreme Court and the Courts of Civil Appeals were amended in 1953. The primary objective of the amendments was "to substitute the comparatively simple writ of error for the complicated mandamus-certified question practice in certain types of cases, such as divorce and slander cases and appeals from interlocutory orders, including those sustaining or overruling pleas of privilege." The actual appellate jurisdiction of the Supreme Court was left substantially unchanged. See Commentaries under Rule 474, Vernon's Ann.Tex.Rules, 16 Texas Bar Journal 602.

■ When a conflict of decisions is relied upon for Supreme Court jurisdiction the application should briefly and pointedly show wherein the decisions are in conflict. The conflict must be apparent from the face of the opinions and must relate to a question of law. "Generalized conflicting statements from two opinions do not create a jurisdictional conflict." Calvert, "The Application for Writ of Error"— Commentaries under Rule 469, Vernon's Ann.Tex.Rules.

■ It is asserted that the decision in the present case conflicts with Southwestern Greyhound Lines v. Day, Tex.Civ.App., 238 S.W.2d 258, no wr. hist., Pacific Finance Corporation v. Robert F. Ramsey, Tex.Civ.App., 305 S.W.2d 297, no wr. hist., Andretta v. West, Tex.Civ.App., 318 S.W.2d 768, wr. ref. n. r. e., and Kansas City Title Ins. Co. v. Atlas Life Ins. Co., Tex.Civ.App., 336 S.W.2d 204, no wr. hist. In these cases it appears that decision as to the venue of suits against for-

eign corporations was based upon the statutory wording embraced in Subdivision 27 of Article 1995, but it does not appear that the question of the constitutionality of the subdivision was raised in any of the cases cited. It follows that such decisions cannot be construed as directly holding that said subdivision 27 of Article 1995 is constitutional. It cannot be said, therefore, that there is a direct conflict of decisions appearing on the face of the opinions which relates to a question of law material to the decision of the case.

We should not be understood as implying that said subdivision 27 is unconstitutional or that the contrary is true. We simply hold that this Court is without jurisdiction to decide the constitutional question in this case. Garitty v. Rainey, 112 Tex. 369, 247 S.W. 825; Dockum v. Mercury Ins. Co., 134 Tex. 437, 135 S.W.2d 700; State of Texas v. Wynn, 157 Tex. 200, 301 S.W.2d 76.

The application for writ of error is dismissed for want of jurisdiction.