**COMMERCIAL INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant,**

v.

**John Q. ADAMS, Appellee.**

**No. 14085.**

Court of Civil Appeals of Texas.

Houston.

April 4, 1963.

Rehearing Denied April 25, 1963.

Touchstone, Bernays & Johnston, Charles C. Sorrells, Dallas, for appellant.

Bates & Brock, Warner F. Brock, Houston, for appellee.

COLEMAN, Justice.

This is an appeal from an order of the trial court overruling a plea of privilege. The principal question involved is the constitutionality of Subd. 27, Article 1995, Revised Civil Statutes of Texas.

Appellant is a foreign corporation with its residence and principal place of business in Dallas County, Texas. The corporation is engaged in doing business in Harris County, Texas, and has an agent, a representative and an office in that County. Ap-

pellee filed suit in Harris County, Texas and, in a controverting affidavit to appellant's plea of privilege, alleged as exceptions to exclusive venue in the county of one's residence, Subdivisions 5, 23, 27 and 28 of Article 1995, R.C.S.

Appellee failed to introduce evidence to sustain venue in Harris County under Subdivisions 5 and 28. The judgment of the trial court cannot be sustained by reason of the provisions of either of those subdivisions.

■ Appellant contends that exception 27 of Article 1995, R.C.S., is void and unconstitutional under the 14th Amendment to the United States Constitution as affording a wider venue for actions against foreign corporations than is afforded against domestic corporations under Section 23 of Article 1995, R.C.S. Prior to 1943 the provisions of our statutes relating to venue for foreign corporations were substantially the same as for domestic corporations. Acts 1874, 14th Legislature, G.L., Vol. 8, Ch. 34, p. 32; subd. 21, Art. 1198, Rev.Civ.Statutes of Texas, 1879; Acts of 19th Legislature, 1885, G.L., Vol. 9, p. 699; Fireman's Fund Insurance Company v. McDaniel, Tex.Civ.App., 327 S.W.2d 358; Grayburg Oil Co. v. Powell, 118 Tex. 354, 15 S.W.2d 542.

In 1943, Subd. 23 of Art. 1995, R.C.S. was amended and now provides:

"Corporations and Associations.— Suits against a private corporation, association, or joint stock company may be brought in the county in which its principal office is situated; or in the county in which the cause of action or part thereof arose; or in the county in which the plaintiff resided at the time the cause of action or part thereof arose, provided such corporation, association or company has an agency or representative in such county; or, if the corporation, association, or joint stock company had no agency or representative in the county in which the

plaintiff resided at the time the cause of action or part thereof arose, then suit may be brought in the county nearest that in which plaintiff resided at said time in which the corporation, association or joint stock company then had an agency or representative. Suits against a railroad corporation, or against any assignee, trustee or receiver operating its railway, may also be brought in any county through or into which the railroad of such corporation extends or is operated. Suits against receivers of persons and corporations may also be brought as otherwise provided by law."

Subdivision 27 reads as follows:

"Foreign corporation.—Foreign corporations, private or public, joint stock companies or associations, not incorporated by the laws of this State, and doing business within this State, may be sued in any county where the cause of action or a part thereof accrued, or in any county where such company may have an agency or representative, or in the county in which the principal office of such company may be situated; or, when the defendant corporation has no agent or representative in this State, then in the county where the plaintiffs or either of them, reside."

In Fireman's Fund Insurance Company v. McDaniel, supra, the Court of Civil Appeals at Beaumont in a carefully written opinion reviewing the applicable decisions held:

"We first note some of the inequalities in the administration of the two venue exceptions even where the terms are similar. As was held in Victoria Bank & Trust Co. v. Monteith, 138 Tex. 216, 158 S.W.2d 63, and Rogers v. Fort Worth Poultry & Egg Co., Tex. Civ.App., 185 S.W.2d 165, for a plaintiff to maintain venue against a defendant domestic corporation outside of the county where its principal office is located under Exception 23, he must

prove a cause of action by the preponderance of the evidence on the venue hearing. It is not sufficient under that exception to make mere prima facie proof of a cause of action. But under the part of Exception 27 here referred to, he would not need to make any proof whatever of any cause of action at the venue hearing. Southwestern Greyhound Lines v. Day, Tex. Civ.App., 238 S.W.2d 258. A foreign corporation may be sued in any county where it has an agency or representative, without reference to the plaintiff's county of residence, and without reference to whether the suit is substantial enough that a cause of action could actually be proved upon the venue hearing.

" * * * The Saunders decision, Power Mfg. Co. v. Saunders, 1927, 274 U.S. 490, 47 S.Ct. 678, 679, 71 L.Ed. 1165, appears to be a culmination of a series of cases since the Greene case [Southern R. Co. v. Greene, 216 U.S. 400, 30 S.Ct. 287, 54 L.Ed. 536] extending the equal protection clause to foreign corporations and we believe it to be decisive of the constitutional question before us.

\* \* \* \* \* \*

"We accordingly hold Sub. 27 of Art. 1995, Vernon's Ann.Civil Statutes of Texas, as amended, to be unconstitutional under the 14th Amendment to the United States Constitution as it relates to the venue of suits against foreign corporations of Fireman's Fund's status to the extent that it conflicts with the provisions of Sub. 23 of Art. 1995, as amended, by Acts 1943, 48 Leg."

■ This decision was cited as controlling by the Court of Civil Appeals at Eastland in Maryland Casualty Company v. Frank M. Torrez, 359 S.W.2d 559. An application for a writ of error in this case was dismissed by the Supreme Court of Texas for want of jurisdiction by written opinion, in which the Court pointed out: "We should not be understood as implying that said subdivision 27 is unconstitutional or that the contrary is true." Torrez v. Maryland Casualty Co., 363 S.W.2d 235 (Tex.Sup.). This Court, therefore, must determine the question of the constitutionality of Subdivision 27 after consideration of all the pertinent authorities.

In 1904 the Supreme Court of the United States decided the case of Cincinnati Street Railway Co. v. Snell, 193 U.S. 30, 24 S.Ct. 319, 48 L.Ed. 604. An Ohio statute provided:

"When a corporation having more than fifty stockholders is a party in an action pending in a county in which the corporation keeps its principal office, or transacts its principal business, if the opposite party make affidavit that he cannot, as he believes, have a fair and impartial trial in that county, and his application is sustained by the several affidavits of five credible persons residing in such county, the court shall change the venue to the adjoining county most convenient for both parties."

There was no statute giving the corporation the right to a change of venue. It was contended that this constituted discrimination denying equal protection of the law in violation of the 14th Amendment to the Constitution of the United States. The Court upheld the constitutionality of the act, saying:

"The proposition to which the case reduces itself is therefore this: That although the protection of equal laws equally administered has been enjoyed, nevertheless there has been a denial of the equal protection of the law within the purview of the 14th Amendment, only because the state has allowed one person to seek one forum and has not allowed another person, asserted to be in the same class, to seek the same forum, although as to both persons the law has afforded a forum in which the

same and equal laws are applicable and administered. But it is fundamental rights which the 14th Amendment, safeguards, and not the mere forum which a state may see proper to designate for the enforcement and protection of such rights. Given, therefore, a condition where fundamental rights are equally protected and preserved, it is impossible to say that the rights which are thus protected and preserved have been denied because the state has deemed best to provide for a trial in one forum or another. It is not, under any view, the mere tribunal into which a person is authorized to proceed by a state which determines whether the equal protection of the law has been afforded, but whether in the tribunals which the state has provided equal laws prevail."

However, in Power Mfg. Co. v. Saunders, 274 U.S. 490, 47 S.Ct. 678, 71 L.Ed. 1165 (1927), the Supreme Court declared unconstitutional a statute of the State of Arkansas allowing a suit for personal injuries against a foreign corporation to be brought in any county of the state, where actions of the same character, if against a domestic corporation, had to be brought in a county where it had a place of business or in which its chief officer resided, and, if against a natural person, in a county where he resided or could be found. The basis for the decision is found in this quotation:

"The clause in the Fourteenth Amendment forbidding a state to deny to any person within its jurisdiction the equal protection of the laws is a pledge of the protection of equal laws (Truax v. Corrigan, 257 U.S. 312, 333, 42 S.Ct. 124, 66 L.Ed. 254, 27 A.L.R. 375; Atchison, Topeka & Santa Fe Ry. Co. v. Vosburg, 238 U.S. 56, 59, 35 S.Ct. 675, 59 L.Ed. 1199, L.R.A.1915E, 953), and extends as well to corporate as to natural persons (Smyth v. Ames, 169 U.S. 466, 522, 18 S.Ct. 418, 42 L.Ed. 819; Gulf, Colorado & Santa Fe Ry. Co. v. Ellis, 165 U.S. 150, 154, 17 S.Ct. 255, 41 L.Ed.

666; Santa Clara County v. Southern Pacific R. R. Co., 118 U.S. 394, 396, 6 S.Ct. 1132, 30 L.Ed. 118). It does not prevent a state from adjusting its legislation to differences in situation or forbid classification in that connection but it does require that the classification be not arbitrary, but based on a real and substantial difference, having a reasonable relation to the subject of the particular legislation. Truax v. Corrigan, supra, page 337 (42 S.Ct. 131); Gulf, Colorado & Santa Fe Ry. Co. v. Ellis, supra, 155 (17 S.Ct. 256); Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 78, 31 S.Ct. 337, 55 L.Ed. 369, Ann.Cas.1912C, 160; Ft. Smith Light & Power Co. v. Board of Improvement (May 16, 1927) 274 U.S. 387, 47 S.Ct. 595, 71 L.Ed. 1112.

"No doubt there are subjects as to which corporations admissibly may be classified separately from individuals and accorded different treatment, and also subjects as to which foreign corporations may be classified separately from both individuals and domestic corporations and dealt with differently. But there are other subjects as to which such a course is not admissible; the distinguishing principle being that classification must rest on differences pertinent to the subject in respect of which the classification is made.

"Here the separate classification of foreign corporations is in respect of the venue or place of bringing transitory actions. *The statutes mean foreign corporations doing business within the state by her permission, and therefore having a fixed place of business therein and a resident agent on whom process may be served.* We speak only of them. So far as their situation has any pertinence to the venue of transitory actions, it is not distinguishable from that of domestic corporations and individuals. Certainly there is no substantial difference. The opinion of the state court

does not point to any relevant distinction, nor have counsel suggested any. Of course the restricted venue as to domestic corporations and individuals is prompted by considerations of convenience and economy; but these considerations have equal application to foreign corporations. So far as the plaintiffs in such actions are affected, it is apparent that there is no more reason for a statewide venue when the action is against a foreign corporation than when it is against a domestic corporation or a natural person. So we conclude that the special classification and discriminatory treatment of foreign corporations are without reasonable basis and essentially arbitrary." (Emphasis added)

Justices Holmes and Brandeis dissented.

In Bain Peanut Co. of Texas et al. v. Pinson et al., 282 U.S. 499, 51 S.Ct. 228, 75 L.Ed. 482 (1931), opinion by Mr. Justice Holmes, the Court upheld the constitutionality of Subd. 23, Art. 1995, R.C.S. of Texas, in a case where the question was raised as to whether the statute allowing suits against private corporations to be brought in any county in which the cause of action arose was valid under the 14th Amendment to the Constitution of the United States when unincorporated individuals were not subject to such suits outside the county of their residence. The Court, relying on Cincinnati Street Railway v. Snell, supra, said:

"In deciding whether a corporation is denied the equal protection of the laws when its creator establishes a more extensive venue for actions against it than are fixed for private citizens we have to consider not a geometrical equation between a corporation and a man but whether the difference does injustice to the class generally, even though it bear hard in some particular case, which is not alleged or proved here. Louisville & Nashville R. Co. v. Barber Asphalt Paving Co., 197 U.S. 430, 434, 25 S.Ct. 466, 49 L.Ed. 819; Patsone v. Pennsylvania, 232 U.S. 138, 144, 34 S.Ct. 281, 58 L.Ed. 539. This it is for the corporation to make out. The range of the State's discretion is large. * * * The question seems to be answered by Cincinnati Street Ry. Co. v. Snell, 193 U.S. 30, 36, 37, 24 S.Ct. 319, 48 L.Ed. 604, which lays down that if the protection of fundamental rights by equal laws equally administered is enjoyed, the Constitution does not forbid allowing one person to seek a forum from which another in the same class is excluded. But without asserting a universal proposition it is obvious that there is likely to be such a difference between the business done by a corporation and that done by a private person that the State well may take it into account when it permits a corporation to be formed."

In Metropolitan Casualty Ins. Co. of New York v. Brownell, 294 U.S. 580, 55 S.Ct. 538, 79 L.Ed. 1070, the Court considered an Indiana statute invalidating provisions in insurance policies issued by foreign insurance companies limiting time for suits thereon to less than three years. There was no similar legislation applicable to domestic insurance companies. The Supreme Court held that the legislation did not infringe the 14th Amendment, saying:

"The equal protection clause does not prohibit legislative classification and the imposition of statutory restraints on one class which are not imposed on another. But this Court has said that not every legislative discrimination between foreign and domestic corporations is permissible merely because they differ, and that with respect to some subjects of legislation the differences between them may afford no reasonable basis for the imposition of a statutory restriction upon foreign corporations, not applied to domestic corporations. The ultimate test of validity is not whether foreign corporations differ from domestic, but whether the differences between them are pertinent to the subject with respect

to which the classification is made. Power Mfg. Co. v. Saunders, supra, 274 U.S. 494, 47 S.Ct. 678, 71 L.Ed. 1165. If those differences have any rational relationship to the legislative command, the discrimination is not forbidden. Washington ex rel. Bond & Goodwin & Tucker, Inc., v. Superior Court, 289 U.S. 361, 366, 53 S.Ct. 624, 77 L.Ed. 1256, 89 A.L.R. 653; National Union Fire Insurance Co. v. Wanberg, 260 U.S. 71, 75, 43 S.Ct. 32, 67 L.Ed. 136. See State of Ohio ex rel. Clarke v. Deckebach, 274 U.S. 392, 396, 47 S.Ct. 630, 71 L.Ed. 1115.

\* \* \* \* \* \*

"It is a salutary principle of judicial decision, long emphasized and followed by this Court, that the burden of establishing the unconstitutionality of a statute rests on him who assails it, and that courts may not declare a legislative discrimination invalid unless, viewed in the light of facts made known or generally assumed, it is of such a character as to preclude the assumption that the classification rests upon some rational basis within the knowledge and experience of the legislators. A statutory discrimination will not be set aside as the denial of equal protection of the laws if any state of facts reasonably may be conceived to justify it. Rast v. Van Deman & Lewis Co., 240 U.S. 342, 357, 36 S.Ct. 370, 60 L.Ed. 679, L.R.A.1917A, 421, Ann.Cas. 1917B, 455; State Board of Tax Commissioners v. Jackson, 283 U.S. 527, 537, 51 S.Ct. 540, 75 L.Ed. 1248, 73 A.L.R. 1464."

Four Justices dissented, citing, among other cases, Power Manufacturing Company v. Saunders, supra, for the proposition that the statute contravened the equal protection clause of the 14th Amendment.

In Allied Stores of Ohio, Inc. v. Bowers, 358 U.S. 522, 79 S.Ct. 437, 3 L.Ed.2d 480, the Court refused to strike down legislation of the State of Ohio taxing merchandise belonging to a domestic corporation held in storage warehouses for storage only, where merchandise belonging to non-residents similarly held was exempted from the tax. In discussing whether the discrimination involved in this legislation violated the Equal Protecton Clause of the 14th Amendment, the Court said:

"But there is a point beyond which the State cannot go without violating the Equal Protection Clause. The State must proceed upon a rational basis and may not resort to a classification that is palpably arbitrary. The rule often has been stated to be that the classification 'must rest upon some ground of difference having a fair and substantial relation to the object of the legislation.' \* \* \* 'If the selection or classification is neither capricious nor arbitrary, and rests upon some reasonable consideration of difference or policy, there is no denial of the equal protection of the law.' \* \* That a statute may discriminate in favor of a certain class does not render it arbitrary if the discrimination is founded upon a reasonable distinction, or difference in state policy. \* \* \*

" \* \* \* Similarly, it has long been settled that a classification, though discriminatory, is not arbitrary nor violative of the Equal Protection Clause of the Fourteenth Amendment if any state of facts reasonably can be conceived that would sustain it. \* \* \*"

From these cases it is evident that not all discrimination is prohibited by the Equal Protection Clause of the 14th Amendment, and that a determination of whether a statute which discriminates between classes is unconstitutional requires the consideration of: (1) whether the difference does injustice to the class generally in that the same and equal laws are not applicable and administered in the forum provided; and (2) whether the difference is pertinent to the subject with respect to which the clas-

sification is made; and (3) whether the discrimination is founded upon any reasonable distinction or difference in state policy.

That provision of Subd. 27 allowing venue against a foreign corporation in any county where it has an agency or representative is not comparable to that provision of Subd. 23 permitting the plaintiff to sue a domestic corporation in the county of his residence at the time the cause of action accrued if the corporation maintained an agency or representative there, or, if no agency or representative is found in such county, then in the nearest county where such a representative or agency can be found. This particular exception was no doubt inserted to permit a plaintiff to have the benefit of a trial in or near his home county, and appears to be fair and reasonable since the requirement that the defendant maintain an agency or representative in the county insures that the county of trial is one where the corporation is known and with which the corporation is familiar. The foreign corporation as a plaintiff receives the benefit of the provision and therefore suffers no discrimination.

The difference, which constitutes discrimination, lies in the absence of a provision in Subd. 23 permitting suit against a domestic corporation in certain counties where it maintains an agency or representative, while Subd. 27 allows suit against foreign corporations in all such counties.

■ There is no contention that the same and equal laws are not applicable and administered in all counties of Texas. Subdivision 27 applies to all foreign corporations. It is a matter of common knowledge that many foreign corporations do business in this state without taking advantage of the laws of this state authorizing them to do business in Texas and subjecting them to regulation. It would be difficult, if not impossible, for a plaintiff to ascertain the principal office of a foreign corporation not authorized to do business in this state. A foreign corporation qualified to do business in this state may designate as its principal office a county remote from the population centers of the state, in which it conducts little or no business since its principal office, in fact, ordinarily will be maintained in the state of incorporation. A domestic corporation would be likely to find such a procedure uneconomical. Competitive factors probably would dictate that its principal office be located where it intends to conduct its business. Thus the foreign corporation is favored over the domestic concern when it is permitted to choose any city as its principal place of business.

There is little doubt that the difficulty of securing service on foreign corporations was a factor inducing the legislature to provide a wide venue for actions against them. The caption of Senate Bill No. 126, enacted into law by the 19th Legislature and approved by the Governor on March 31, 1885, provided:

"An act prescribing and fixing the venue of suits against foreign corporations, joint stock companies or associations, or acting corporations or associations, doing business within this state, and to provide the mode of serving process on such corporations or associations."

The act consisted of two sections. The first was substantially the same as our present Subdivision 27 and the second provided the method of obtaining service, including service of process on "any local agent within this state."

The degree of effective control which the state may exercise over domestic corporations as opposed to foreign corporations in general justifies the classification adopted by the state legislature. The state policy in this respect is not so arbitrary as to be unconstitutional. As regards foreign corporations submitting to a certain degree of control by qualifying to do business in the state, the justification is less evident, but nevertheless the state is not able to give its citizens the same assurance of

effective redress for injuries committed by foreign corporations as it can in the case of domestic corporations. The quotation from Justice Holmes' opinion in the Bain Peanut case, supra, is apt in this connection. In that opinion he also pointed out: "The interpretation of constitutional principles must not be too literal. We must remember that the machinery of government would not work if it were not allowed a little play in its joints." Bain Peanut Co. of Texas v. Pinson, supra.

■■ It could well be that the legislature had in mind spreading litigation involving foreign corporations among the various courts of the state in order to avoid the possibility of increasing the congested condition of the dockets of the metropolitan courts. Other possibilities could be explored, but, as was pointed out by the Supreme Court of the United States in Metropolitan Casualty Insurance Company of New York v. Brownell, supra, "A statutory discrimination will not be set aside * * * if any state of facts reasonably may be conceived to justify it." The burden of proving unconstitutionality of this statute rests on appellant more heavily in view of the fact that the act attacked was undoubtedly constitutional when enacted and the question of its legality at this time arises, not by reason of a change in its provisions, but by reason of the enactment of a statute amending Section 23, and not because discriminatory burdens have been placed on foreign corporations, but because the same burden has been removed from domestic corporations.

The highest courts of several states have considered similar statutes and have upheld them as being valid. Lloyd Adams, Inc. v. Liberty Mutual Insurance Co., 190 Ga. 633, 10 S.E.2d 46 (1940); Conner v. Willet, 265 Ala. 319, 91 So.2d 225 (1956); Long v. General Petroleum Co. of California, 11 Cal.App.2d 708, 54 P.2d 1147 (1936); Wilson and Company, Inc. v. Hickey, 186 Okl. 324, 97 P.2d 564 (1939).

In Fireman's Fund Insurance Company v. McDaniel, supra, the Court of Civil Appeals said: "In view of the holding in the Saunders case, however, we believe that to point to the discrimination effected by Sub. 27 of our statute in the circumstances, is to prove it unreasonable and arbitrary as a matter of law." In spite of our great respect for the ability and learning of that court and of the Eastland Court of Civil Appeals, we are unable to agree. In the Saunders case the statute under consideration placed venue in any county in the state without regard to whether the corporation maintained an agent or representative there. In addition, as construed by the court, the statute applied only to foreign corporations who had a permit to do business in the state. Under such circumstances the actual decision in the Saunders case would not be controlling as to the legality of the Texas law. The holding of the Saunders case has been weakened by the decision of the Bain Peanut case reaffirming the Cincinnati Street Railway case, and by the subsequent decisions of the United States Supreme Court previously cited.

Appellee proved that appellant was a foreign corporation; that it was doing business in Texas; and that it had an agent and representative in Harris County, Texas. These facts appearing, the trial court was correct in sustaining venue in Harris County, Texas. We, therefore, find it unnecessary to determine whether exception 23 applies to foreign corporations or whether the facts proved would sustain venue in Harris County under such Subdivision.

The judgment of the trial court is affirmed.