**ALLIS–CHALMERS MFG. CO. et al.,
Appellants,**

**v.**

**John COPLIN and James M. Coplin,
Appellees.**

**No. 7961.**

Court of Civil Appeals of Texas.

Texarkana.

Sept. 30, 1969.

Kenneth C. Stephenson, Biggers, Baker, Lloyd & Carver, Dallas, for appellants.

H. B. Harrison, Fisher, McLaughlin & Harrison, Paris, for appellees.

CHADICK, Chief Justice.

H. C. Young, an Allis-Chalmers Manufacturing Company contract dealer, doing business as Young's Tractor and Equipment, at Cooper, Delta County, Texas, sold John Coplin and his son, James M. Coplin, a C–2 combine manufactured and owned at the time of sale, according to Young's testimony, by Allis-Chalmers Manufacturing Company, a Delaware corporation, which had its principal office in Dallas County. On the day Coplin took delivery of the combine, and while the machine was being moved some miles distant to the elder Coplin's home, the combine's brakes locked and rendered it unusable. Young admits there was a defect in the machine at the time it was sold, and the Coplins tendered testimony that repair of the defect was never successfully effected, and that the machine was not fit to satisfactorily perform the harvest work it was designed for and sold to do.

The implication of the trial court order is that the trial court decided venue for the trial of Coplins' suit against Young and Allis-Chalmers Manufacturing Company was Delta County, upon the proposition that a foreign corporation within the State of Texas "may be sued * * * in any county in which such company may have an agency or representative". Tex.Rev. Civ.Stat.Ann. art. 1995, Subdiv. 27 (1964). Allis-Chalmers Manufacturing Company grounds its appeal on the absence of proof in the trial court that it had an agent in Delta County at the time of suit, or at the time of the hearing on the plea of privilege. This single issue and subsidiary questions will be discussed; other questions briefed become immaterial after decision on this.

The contract between Allis-Chalmers Manufacturing Company and H. C. Young was introduced into evidence and is incorpo-

rated in the statement of fact. In the agreement, Allis-Chalmers Manufacturing Company is called the 'Company' and H. C. Young is designated 'Dealer'. The twelve page printed instrument is much too lengthy to be copied here. It is divided into numbered sections, and, together with other writings referred to therein, purports to be the entire contract between the parties at the time of execution in 1965. By its terms the Company grants the Dealer the non-exclusive right to sell machinery (§ 1) in Cooper and vicinity (§ 3) and agrees to accept in settlement of the dealer's account: notes, conditional sales contracts and chattel mortgages when the down payment of a customer and the evidence of indebtedness are in compliance with the Company's retail credit plan (§ 7); the Company specifically reserves title and right of possession to all machinery shipped the Dealer until it is paid for (§ 14). Section 22 in full, and Section 24 in the part material to this discussion are as follows:

"22. AGENCY. The Dealer is not in any sense an agent of the Company and has no authority to bind the Company in any manner whatsoever or to make any collections for the Company.

"24. WARRANTY. The Dealer agrees to sell machinery under this Agreement only upon the Retail Purchase Order blanks furnished by the Company, which contain the specific and only warranty of the Company as follows:

"ALLIS-CHALMERS MANUFACTURING COMPANY warrants that it will * * *, etc.

"This warranty to repair applies only to new and unused machinery, which * * *", etc.

"THIS WARRANTY TO REPAIR IS THE ONLY WARRANTY EITHER EXPRESS, IMPLIED, OR STATUTORY, * * *", etc.

"No representative of the Company has authority to change this warranty or * * *", etc.

"The Dealer agrees to furnish Company immediately upon resale of any machinery to retail users, * * *", etc.

"No warranty, statutory, implied or otherwise, shall apply to used machinery."

On analysis it is quite clear that despite the disclaimer of § 22, § 24 contemplates, implies and constitutes an agreement that Young as Dealer is authorized to enter into a warranty agreement on behalf of and binding Allis-Chalmers Manufacturing Company with respect to machinery that he might sell under the provisions of the Dealer Contract. His authority is narrowly limited and hedged about, but nevertheless he is authorized to act on the Company's behalf when a sale is made, and by using a designated form bind the Company to a warranty stated in the form.

Under the terms of Tex.Rev.Civ.Stat. Ann. art. 1995, Subdiv. 27 (1964), a foreign corporation's agency or representative in a county must be a person or entity authorized to bring about a business relationship between the principal and a third party, a power not characteristic of nor found in a mere servant or employee relationship unless specially conferred. Milligan v. Southern Express, Inc., 151 Tex. 315, 250 S.W.2d 194 (1952); 1 McDonald Texas Civil Practice, Venue § 4.30.3–(II). Here it is shown that since 1965 Young, a resident of Delta County, has been empowered to and has entered into contracts expressing the warranty on behalf of the company while conducting the farm machinery business contemplated by his contract with Allis-Chalmers. In speaking of an agency or representative, Judge Garwood in Milligan v. Southern Express said that an agency is a person or entity that in a more or less regular and permanent form actually conducted business of the principal in the county of suit, and goes on to say that a representative would be a party possessing broad powers from the principal, etc. Judge Gar-

wood's discussion of the facts of that suit illuminate the issue, and his reasoning points to the proper solution of the problem in this case, to-wit:

"* * * But, whether the Texarkana court be correct or not in its thesis that an agency cannot exist without the power to contract for the principal, such power and its regular use in the very name of the principal as the contracting party are certainly the strongest indication that the principal is doing business through an agency. And it does not appear to be disputed that contracts of, and in the name of, the defendant were regularly made with shippers in Grayson County by Northeast, acting through its employees. Such contracts were for the very kind of service which it was the business of the defendant to render and, being made in its name and with its consent, were as much its own contracts as if signed by its president. Since the contracts were admittedly made and valid, yet were not made by officers or employees of the defendant, obviously they were made through an agent, which could only be Northeast Texas Motor Lines or its officers or employees, it matters not which. That, as between the defendant and Northeast, the latter was to perform part of each contract and was to indemnify the defendant for any liability arising from such performance, clearly does not convert the contracts into contracts of Northeast rather than the defendant, which was the party liable thereon so far as the shippers were concerned and undoubtedly itself rendered and profited from a large part of the total performance contracted for. To say that the making of these contracts was not the business of the defendant done in the county of suit would be as unrealistic as saying the same of contracts of a manufacturer made in the county with purchasers of manufactured articles for future delivery. So long as they were valid contracts of the defendant, it makes little difference what kind of compensation Northeast received for its intervention in the matter of what degree of control was exercised by the defendant over the activities of Northeast. * * *"

The application of the reasoning expressed here is obvious and additional comment would be superfluous.

Although Milligan v. Southern Express considered Tex.Rev.Civ.Stat.Ann. art. 1995, Subdiv. 23 (1964), the opinion implies the term agent and agency as used in subdivision 27 should receive a construction similar to that given to Subdivision 23, and it was so held in Fireman's Fund Insurance Company v. McDaniel, 327 S.W.2d 358 (Tex.Civ.App. Beaumont, 1959, no writ).

The judgment of the trial court is affirmed.