**HUMBLE OIL & REFINING COMPANY,**
Appellant,

v.

**Jay M. PRESTON, Appellee.**

No. 7395.

Court of Civil Appeals of Texas,
Beaumont.

Nov. 22, 1972.

Rehearing Denied Dec. 14, 1972.

Robert D. McGee and Carnegie H. Mims, Jr., Houston, for appellant.

Charles H. Clark, Tyler, for appellee.

KEITH, Justice.

This venue appeal involves only subdivision 27, Article 1995, Vernon's Ann.Civ.St., and although there are several points in appellant's brief, only two questions are presented: (1) there was no evidence that Humble had an "agency" or "representative" in the county as required by the subdivision, and (2) the subdivision violates the United States Constitution because it unconstitutionally discriminates against foreign corporations as contrasted with do-

mestic corporations governed by subdivision 23, Article 1995, V.A.C.S.

Humble is a corporation organized under the laws of the State of Delaware and its principal place of business is in Houston, Harris County, Texas, where it maintains its general offices, a large number of employees, and its resident agent for service of process. Plaintiff is a resident of Gregg County, Texas, and alleged that he sustained personal injuries proximately caused by negligent acts and omissions of Humble in Wood County. Plaintiff brought suit in Jefferson County and service of process was had upon one Bill Tarrant, not Humble's registered agent for service. It was shown by Tarrant's testimony that he lived in Jefferson County, was field superintendent for Humble in Jefferson County, supervising production from two oil and gas fields and the operation of the processing plants in connection therewith. Tarrant had some 27 to 29 people under him and he supervised the production from some 200 oil and gas wells. He had, according to his testimony, no authority to hire and fire the employees and could enter into emergency contracts for repairs when the amount involved did not exceed one thousand dollars.

Plaintiff made no effort to prove a cause of action, contenting himself with his proof on the existence of an "agency" or "representative" of Humble in Jefferson County. At the conclusion of the hearing, the trial court overruled the plea of privilege without filing any findings of fact or conclusions of law. Thus, we must follow the rule announced in James v. Drye, 159 Tex. 321, 320 S.W.2d 319, 323 (1959), and which requires that "every reasonable intendment must be resolved in favor of the trial court's judgment."

■ Under subdivision 27, foreign corporations "may be sued in any county . . . where such company may have an agency or representative . . . ."

Whether or not Tarrant was such an agent or representative as mentioned under the statute is essentially one of fact and, as was said in Advance-Rumely Thresher Co. v. Moss, 213 S.W. 690, 694 (Tex.Civ.App., Austin, 1919, error ref.), "[I]f William Connolly & Co. were in fact the agents and representatives of appellant in the transaction of its business, it was not competent for the parties to defeat the operation of the statute above cited by a special contract or limitation of authority." Justice Garwood quoted the foregoing language with approval in the leading case on the subject, Milligan v. Southern Express, Inc., 151 Tex. 315, 250 S.W.2d 194, 197 (1952).

■ Justice Garwood, possibly as dictum but still pursuing his point, recognized that the presence in the county of a mere servant performing menial tasks, even though the doctrine of respondeat superior would apply, is insufficient to maintain venue. The agent or representative, as mentioned in the statute, must be possessed of powers and discretion far beyond those of a servant. Construing the statute involved here, the court continued:

"[I]n our opinion, the statute refers to a situation in which the business of the defendant is, in more or less regular and permanent form, actually conducted in the county of suit, *or* one in which a party possessing broad powers from the defendant resides in the county, the one instance being that of 'agency' and the other of 'representative.'" (250 S.W.2d at 198, emphasis supplied)

■ Under this test, we are of the opinion that agency was established by the testimony of Tarrant. See also, Allis-Chalmers Mfg. Co. v. Coplin, 445 S.W.2d 627, 628 (Tex.Civ.App., Texarkana, 1969, no writ). Points one and two are overruled.

Humble has three points attacking the constitutionality of subdivision 27 as applied to the facts of this case, the points

being copied in the margin.[1] The views of the writer of this opinion upon the subject have been expressed heretofore in the form of a concurring opinion reported as Hanover Insurance Company v. Sanford, 457 S.W.2d 115, 119 (Tex.Civ.App., Beaumont, 1970, no writ), and need not be repeated at this point.

The Texas cases upon the subject which will be considered in this connection are: (1) The McDaniel Case [Fireman's Fund Insurance Company v. McDaniel, 327 S. W.2d 358 (Tex.Civ.App., Beaumont, 1959, no writ)]; (2) the Torrez Case [Maryland Casualty Company v. Torrez, 359 S.W.2d 559 (Tex.Civ.App., Eastland, 1962, error dism., Torrez v. Maryland Casualty Company, 363 S.W.2d 235 (Tex. 1962)]; and (3) the Adams Case [Commercial Insurance Co. of Newark, New Jersey v. Adams, 366 S.W.2d 801 (Tex.Civ.App., Houston, 1963, error ref., 369 S.W.2d 927 (Tex. 1963)]. Hereafter, we will refer to these cases by the name of the individual party thereto.

Humble has an ingenious argument supporting its position on these points. It urges, in substance, that this court in McDaniel struck down subdivision 27 as being unconstitutional upon two grounds: (a) it affords a wider venue for actions against foreign corporations than is afforded against domestic corporations under subdivision 23; and (b) under subdivision 23, a plaintiff is required to prove a cause of action against a domestic corporation in order to maintain venue, whereas, such is not required under subdivision 27 *solely* because the defendant in the latter instance is a foreign corporation.

Having attached a copy of the appellant's brief before the Houston Court of Civil Appeals in the underlying *Adams Case* (366 S.W.2d 801), Humble contends that the second holding of this court in *McDaniel* was not before the Houston court in *Adams*. We have examined this brief and find only point six raised a constitutional question in *Adams,* the point being quoted in the margin.[2]

Humble then argues that the Houston court in *Adams* could sustain only a point which was raised; and, consequently, that court determined only that subdivision 27 was not unconstitutional because it afforded a wider venue of actions against foreign corporations than was permitted against domestic corporations under subdivision 23. From this premise, it argues that when the Supreme Court said, "We are in agreement with the decision of the Houston Court of Civil Appeals in this case," it necessarily approved *only* the Houston court's holding on point six in the appellant's brief in *Adams.*[3]

---

1. Point III: "The trial court erred in overruling appellant's plea of privilege because subd. 27, article 1995, V.A.T.S. is unconstitutional within the meaning of the fourteenth amendment to the United States Constitution as applied to appellant because subd. 27 affords a plaintiff wider venue than subd. 23, article 1995, V.A.T.S., which pertains to domestic corporations only."
   Point IV: "The trial court erred in overruling appellant's plea of privilege because subd. 27, article 1995, V.A.T.S. is unconstitutional within the meaning of the fourteenth amendment to the United States Constitution, as applied to appellant because a plaintiff does not have to prove a cause of action against a defendant as is required by subd. 23, article 1995, V.A. T.S."

   Point V: "The trial court erred in overruling appellant's plea of privilege because subd. 27, article 1995, V.A.T.S. unconstitutionally discriminates against a foreign corporation authorized to do business in Texas, which maintains its principal place of business in Texas."

2. Point six: "Exception 27 of Article 1995, Revised Civil Statutes of Texas, is void and unconstitutional under the 14th Amendment to the United States Constitution as affording a wider venue for actions against foreign corporations under Section 23 of Article 1995, Revised Civil Statutes of Texas."

3. Accepting Humble's argument at face value, we are compelled to overrule its Point III set out in footnote 1, supra.

It is possible to construe the holding of the Supreme Court so narrowly as to come to the conclusion posited by Humble. However, when we consider the caveat of the Supreme Court in *Torrez* (363 S.W.2d at 236) along with its specific holding in *Adams,* we refuse to follow *McDaniel* to reach the result sought by Humble.

Assuming, without deciding, that there were two grounds of unconstitutionality sustained in *McDaniel,* and only one disapproved in *Adams,* we nevertheless refuse to follow *McDaniel* as to the re-maining ground. So holding, Humble may now take this case to the Supreme Court under the rationale of *Torrez,* supra. For, if its theory is correct, there is now a conflict in the opinions of this court in *McDaniel* and in the instant case. Cf. National Life and Accident Insurance Co. v. Notter, 455 S.W.2d 322 (Tex.Civ.App., Waco, 1970, error dism.).

Being of the opinion that no error has been demonstrated, all of Humble's points are overruled and the judgment below is in all things affirmed.