George W. CHRISTY et al., Petitioners,

v.

W. S. WILLIAMS et al., Respondents.

No. A–5988.

Supreme Court of Texas.

Feb. 6, 1957.

Lloyd M. Lunsford, South Houston, for petitioners.

Robert R. Breaker, South Houston, Homer T. Bouldin, Houston, for respondents.

CALVERT, Justice.

For opinion of the Court of Civil Appeals, see 292 S.W.2d 348.

One of the reasons for granting writ of error in this case was to preserve the rights of the petitioners while we had under submission and consideration the case of State ex rel. Bennett v. Clarendon Independent School District, Tex., 298 S.W. 2d 111. In that case we were called upon to determine whether the legal controversy between the parties constituted a "contested election" within the meaning of Article 1821, Vernon's Annotated Texas Statutes. That Article makes the jurisdiction of the Courts of Civil Appeals final in "all cases of contested elections of every character" except those in which (1) a contest for state office is involved, (2) the validity of a statute is questioned by the decision of the Court of Civil Appeals, (3) the judges of the Court of Civil Appeals have disagreed upon a question of law material to a decision of the case, or (4) the Court of Civil Appeals has held differently from a prior decision of another Court of Civil Appeals or of the Supreme Court upon a question of law.

We were of the tentative opinion that this case involved a "contested election" within the meaning of Article 1821, V.A. T.S., that it did not fall within any of the exceptions above noted and that the jurisdiction of the Court of Civil Appeals was final, but we were concerned that the definition we would finally give to the words "contested election" in the Clarendon Independent School District case might be such as to authorize us to take jurisdiction in this case under Article 1728, subdivision 6, Vernon's Annotated Texas Statutes, on the ground that it did not involve a "contested election" and that an error of substantive law affecting the judgment had been committed by the Court of Civil

Appeals. Our decision in the Clarendon case leads to no such result.

We are now well convinced that this suit involves a "contested election" within the meaning of Article 1821 and that we have no jurisdiction of the case unless it comes within one of the exceptions above noted.

The suit was begun as a special statutory election contest under Chapter 9, Texas Election Code, Vol. 9, Vernon's Annotated Texas Statutes, art. 9.01 et seq., a type of proceeding recognized in the Clarendon case as being a "contested election" case within the meaning of Article 1821. Its purpose was to invalidate an election held in the City of South Houston on April 5, 1955, which authorized the issuance by such City of $125,000 Water Works bonds and $175,000 Sanitary Sewer System bonds. Petitioners alleged many irregularities in the calling and holding of the election and the canvassing of the returns thereof as a basis for declaring the same to be null and void. They prayed that the election and the declaration of the results thereof be declared null and void and that a writ of injunction issue restraining and enjoining the issuance of any bonds by the City of South Houston pursuant to and based upon the results of said election. The points of error upon which they predicated their appeal to the Court of Civil Appeals were based upon alleged irregularities in the calling and holding of the election. Their points of error in their application before this Court are predicated upon two irregularities, to wit: the failure to publish notice of the election in a newspaper "entered as second-class postal matter in the county where published" as required by Article 28a (2), Vernon's Annotated Texas Statutes, and the failure to number the ballots, as required by Sections 8, 13 and 25 of Article 7.14, Texas Election Code, in such manner as to tie them to the poll list. Petitioners begin their petition for writ of error with this statement: "This is an election contest." We agree. Clary v. Hurst, 104

Tex. 423, 138 S.W. 566, 571; Kincannon v. Mills, Tex.Civ.App., 275 S.W. 1083, writ dismissed, w. o. j.

It remains to be decided whether jurisdiction of this Court attaches to the case under any of the exceptions above noted.

Obviously the case does not involve a contest for state office and does not come within the first exception.

■ One of the grounds of jurisdiction asserted by petitioners is "because the Court of Civil Appeals in determining the case construed Vernon's Civil Statutes, Art. 28a, Art. 704 and Texas Election Code Article 7.14, and in so doing erred and questioned the validity of such statutes." A reading of the opinion of the Court of Civil Appeals clearly discloses that that Court did construe and apply the statutes referred to, but a search of that opinion fails to disclose that the decision of the Court questioned the validity of such statutes, either by way of affirming or denying their validity. For that matter, petitioners had before the Court of Civil Appeals no point of error challenging the validity of such statutes. Thomas v. Groebl, 147 Tex. 70, 212 S.W.2d 625, 626–627. The case does not come within the second exception.

There is no dissenting opinion in the case, and it therefore does not come under exception 3 which gives this Court jurisdiction where the judges of the Court of Civil Appeals have disagreed upon a question of law material to a decision of the case.

■ Petitioners also assert jurisdiction on the ground that the Court of Civil Appeals in this case has held differently upon a question of law from the holding of this Court in the case of State ex rel. Barry v. Connor, 86 Tex. 133, 23 S.W. 1103. For this Court to have jurisdiction on the ground of conflict it must appear that the rulings in the two cases are "so far upon the same state of facts that the decision

of one case is necessarily conclusive of the decision in the other." Dockum v. Mercury Ins. Co., 134 Tex. 437, 135 S.W.2d 700, 701. Or, "in other words, the decisions must be based practically upon the same state of facts, and announce antagonistic conclusions." Sun Mut. Ins. Co. v. Roberts, Willis & Taylor Co., 90 Tex. 78, 37 S.W. 311, 312. "An apparent inconsistency in the principles announced, or in the application of recognized principles, is not sufficient." Garitty v. Rainey, 112 Tex. 369, 247 S.W. 825, 827. We must examine the facts in the case of State ex rel. Barry v. Connor and in the instant case as the facts are reflected in the opinions before us, to determine whether they are so nearly the same that the decision in one of the cases would be conclusive of the decision of the other.

The facts in State ex rel. Barry v. Connor, relevant and material to the questions decided, are as follows: Article 1694, Revised Statutes of Texas, 1879, then in force in this State, provided that the clerks of an election should keep a poll list upon which they should "write and number the name of each person" voting, and required the judges of the election, in each case, to receive the ballot and at the time of receiving it to "write upon it the voter's number, corresponding with the number on the clerk's poll list." Article 1697, Revised Statutes of Texas, 1879, then in force, contained the express provision that a ballot not numbered as provided in Article 1694 should not be counted. 1747 unnumbered ballots had been cast in a city election in the city of Dallas. The Court of Civil Appeals certified to this Court questions inquiring whether the law required the numbering of ballots in a city election in the city of Dallas, and whether unnumbered ballots could be counted in determining the results of the election. This Court held that the law required the numbering of such ballots and that those unnumbered could not be counted, saying: "Articles 1694 and 1697 of the Revised Statutes were in force in the city of Dallas at the time

of the election in question, and it was the duty of the officers holding the election to number the ballot of each elector in accordance with the requirements of article 1694. The prohibition contained in article 1697 is binding upon all courts, as well as officers of the election. The law is mandatory, and cannot be disregarded." 23 S.W. 1104.

The facts relevant and material to the question decided by the Court of Civil Appeals in this case are as follows: Section 25, Article 7.14, Election Code, defines the term "the numbering of tickets" as meaning "the numbering of the votes and/or ballots as they are cast by the voters at an election", and defines the term "public numbering counter" as "a device in full view of the election officials except while the voter is voting which records the number of the voter's vote and is cumulative of the number of votes cast on the machine at the election being held." Section 13, Article 7.14, directs that the presiding officer at an election "shall provide for the numbering of tickets by placing a number on a list containing the names of each voter kept for such purposes, corresponding to the number on the public numbering counter opposite or along side of the name of each voter including the alphabetical identification of each machine used in such voting precinct after such voter casts his ballot." Section 8, Article 7.14, requires that each voting machine used in a voting precinct shall be identified by alphabetical designation, and provides that "the number placed opposite or along side of the name of each voter after the voter cast[s] his ballot, corresponding to the number on the public numbering counter * * * shall include such alphabetical designation of the machine on which such voter cast his vote." At the election held in South Houston on April 5, 1955, election officials did not place opposite or along side of the name of each voter on the poll list the number corresponding to the number on the public numbering counter. The Court of Civil Appeals held in this case that "the

votes cast at the election were not void because of any failure to number the ballots cast at the election in such a way as to tie each ballot into and identify it with the poll list and the voter who cast it." [292 S.W.2d 352.]

The following differences in facts in the two cases are to be noted: the two cases deal with the effect of failure of election officials to comply with wholly different statutes; the statutory provisions involved in State ex rel. Barry v. Connor applied to votes cast by paper ballot, while the statutory provisions involved in this case apply to votes cast on voting machines; the statutory provisions involved in State ex rel. Barry v. Connor required that the number appearing by the elector's name on the poll list be placed on his ballot, while the statutory provisions involved in this case require the number appearing on the voting machine to be recorded by the name of the voter on the poll list; a statutory provision in State ex rel. Barry v. Connor expressly directed that unnumbered ballots should not be counted, while there is in the statutes involved in this case no direction that a failure to comply shall result in a nullification of the ballots.

But for the last-mentioned point of difference the others probably would not present such basically dissimilar facts as to require a holding that the cases are not in conflict. The last-mentioned point of difference does so require. With that point of difference in the facts the law questions presented and decided in the two cases are altogether different questions. In State ex rel. Barry v. Connor the important question was whether an express legislative direction that unnumbered ballots be not counted should be enforced. In this case the question is whether the legislative direction for placing certain numbers on the poll lists is mandatory or directory, and, if mandatory, whether a failure to obey the direction invalidates the ballots. For jurisdiction to attach on the basis of conflict "The conflict must be on the very question of law actually in-

volved and determined, in respect of an issue in both cases, the test being whether 'one would operate to overrule the other in case they were both rendered by the same court.'" West Disinfecting Co. v. Trustees, etc., 135 Tex. 492, 143 S.W.2d 749, 750. The case does not fall within the fourth exception.

We conclude that this case involves a "contested election" in which the jurisdiction of the Court of Civil Appeals, as prescribed in Article 1821, is final; that this Court, therefore, does not have jurisdiction; that the order heretofore entered granting petitioners' application for writ of error must be rescinded; that respondents' motion to dismiss the application for writ of error must be granted, and that the application for writ of error must be dismissed for want of jurisdiction.

Accordingly, it is so ordered.