

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

September 23, 1965

Honorable Crawford C. Martin          Opinion No. C-514
Secretary of State
State of Texas                        Re: Whether, under the facts
Austin, Texas                             stated, the "Ganado Tribune"
                                          is a newspaper eligible to
                                          publish legal notices under
Dear Mr. Martin:                          Article 28a, V.C.S.

        You have requested the opinion of this office as to
whether the "Ganado Tribune" is legally eligible to receive paid
legal notice publication orders from the State of Texas under
Article 28a, Vernon's Civil Statutes, which reads in pertinent
part as follows:

        "Art. 28a....
        (a)  The term 'newspaper' shall mean any
newspaper devoting not less than twenty-five (25)
per cent of its total column lineage to the
carrying of items of general interest, published
not less frequently than once each week, entered
as second-class postal matter in the county where
published, and having been published regularly
and continuously for not less than twelve (12)
months prior to the making of any publication
mentioned in this Act."  (Emphasis supplied)

        In this connection you advise as follows:

        "The Ganado Tribune is a newspaper cir-
culated almost entirely within the community
and vicinity of Ganado, Texas, in Jackson County.
It maintains an office and regularly employed
staff of reporters and advertising personnel
in the city of Ganado.  In addition to general
news coverage, it features news of a purely
local nature, of interest solely to Ganado
residents.  Its advertising space is purchased
almost entirely by Ganado businesses.

-2420-

Hon. Crawford C. Martin, page 2 (C-514 )


"In all respects, this newspaper is re-
garded as a local newspaper by the residents of
Ganado. It is the only newspaper published
especially for the people of that community.

"The Ganado Tribune is_printed at the
/Malec Publishing Company's/ plant at Yoakum
in Lavaca County, where individual copies are
addressed for mailing to subscribers at Ganado.
It is entered as second-class postal matter at
Yoakum, where the newspaper is mailed in bulk
bundles to the post office at Ganado, in Jackson
County. The post office at Ganado opens the
bulk bundles and routes the individual copies
to subscribers as already addressed."

You ask whether the fact that the newspaper in question
is printed in Yoakum, Lavaca County, and entered as second-class
matter in that county, operates to forbid granting publication
contracts to that newspaper in Ganado, Jackson County. The case
of Christy vs. Williams, 292 S.W.2d 348 (Tex.Civ.App., 1956,
error dismissed w.o.j. in 156 Tex. 555, 298 S.W.2d 565), dealt
with virtually the exact question that is before us now. There-
in, the Court held that there must be a substantial compliance
with the law in holding special elections, as distinguished from
a literal or absolute compliance. The Court went further and
stated that that portion of Section 2 of Article 28a, Vernon's
Civil Statutes, which provides for publication in a newspaper
which is entered as second-class postal matter in the county
where published is at best directory, and not mandatory.

Further, although the Ganado Tribune is printed in
Lavaca County, and entered as second-class matter there, the
fact that the business and editorial offices are located in
Ganado, and the paper is principally circulated in the Ganado area,
constitute sufficient evidence to conclude that the paper is pub-
lished in Ganado, Jackson County. See Attorney General's Opinion
No. 2993-C (1937) and citations contained therein.

In view of the facts outlined in your request, and the
case cited above, it is the opinion of this office that the
"Ganado Tribune" is legally eligible to receive paid legal notice
publication orders from the State of Texas, where other specific

Hon. Crawford C. Martin, page 3 (C-514 )

statutory requirements are met.

## S U M M A R Y

The provision of Section 2 of Article 28a, V.C.S., requiring that a newspaper be entered as second-class matter in the county where published, is directory only. A newspaper that is printed by contract in one county and mailed for publication in another county is, under the facts of this opinion, legally eligible to receive paid legal notice publication orders from the State of Texas.

Very truly yours,

WAGGONER CARR
Attorney General

By: Malcolm L. Quick

Malcolm L. Quick
Assistant

MLQ:ra

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Pat Bailey
Ralph Rash
Jack Goodman

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright