**John W. SAXON et al.,**
**Plaintiffs-Appellants,**

v.

**Jasper FIELDING et al.,**
**Defendants-Appellees.**

**No. 79–2696**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 20, 1980.

E. Ray Acton, Montgomery, Ala., for plaintiffs-appellants.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Maury Smith, David R. Boyd, Montgomery, Ala., for Jasper Fielding, and William Evans.

Before RONEY, KRAVITCH and TATE, Circuit Judges.

TATE, Circuit Judge:

This is a suit seeking to annul a state election and asking that a new election be ordered. The plaintiffs are the losing candidate for county sheriff and someone who voted for him, and they filed suit under 42 U.S.C. § 1983. The district court ruled in favor of the defendants after finding that, despite some technical irregularities, the election had been fair and that no one had been prevented from voting as they desired. The district court further found that there had been an insufficient showing of irregular votes to show that the outcome would have been different had the election been error free.[1]

The plaintiffs present three issues on this appeal: 1) Did the district court err in holding that the Alabama election laws shown to have been technically violated are directory and not mandatory?; 2) Did the district court err in requiring the plaintiffs to prove that the outcome of the election would have been different without the irregularities?; and 3) Was it reversible error for the district court to fail to hold a hearing on the issue of certifying this case as a class action? For the reasons below, we affirm.

The plaintiffs' principal argument, as we see it, concerns the district court's requirement that they prove that the outcome of the election would have been different without the irregularities. The district court's reasoning was that, unless the outcome had been affected by the irregularities complained of, no federally cognizable claim was presented under the present circumstances. See Starr, *Federal Judicial In-*

*validation as a Remedy for Irregularities in State Elections,* 49 NYU L.Rev. 1092, 1124–29 (1974).

We need not, however, decide the appropriateness in all instances of an inflexible mathematical rule of this nature, because additionally the district court made a specific finding, in its response to the plaintiffs' Motion for an Amended Judgment, that the plaintiffs did not prove even "that a *substantial possibility* of changed results existed." The district court further found: "There has been no showing that anyone was denied the right to vote or that the votes claimed to have been wrongfully obtained would have changed the election." With these findings in mind, and they are not challenged by the plaintiffs, we think it clear that the district court's opinion must be affirmed.

The decisions in this Circuit that have voided a state election have involved either: 1) egregious conduct striking at the very heart of the fairness of an election, *Bell v. Southwell,* 376 F.2d 659 (5th Cir. 1967); 2) an improper refusal by a district court to enjoin an election prior to its occurrence, *Hamer v. Campbell,* 358 F.2d 215 (5th Cir. 1966); or 3) constitutionally suspect racially discriminatory practices and a strong showing that the results of the election had possibly been affected, *Toney v. White,* 488 F.2d 310, 315 (5th Cir. 1973) (en banc). In cases not involving "serious violations of voting rights," *Hamer v. Ely,* 410 F.2d 152, 156 (5th Cir. 1969), and in cases presenting only issues of state law, *Hubbard v. Ammerman,* 465 F.2d 1169, 1181 (5th Cir. 1972), *cert. denied,* 410 U.S. 910, 93 S.Ct. 967, 35 L.Ed.2d 272 (1973), this court has refused to order the "drastic, if not staggering" remedy of voiding a state election. *Bell v. Southwell,* 376 F.2d at 662.

The present case simply does not involve the serious voting violations or aggravating factors, such as racial discrimination or fraudulent conduct, that would justify the

---

1. The plaintiff candidate had received 294 votes less than his defendant opponent out of the 5,000 votes cast.

intervention of a federal court. This suit presents only "the usual simple case of counting votes and denying relief for want of affirmative proof of a different result." *Bell v. Southwell*, 376 F.2d at 664–65.

■ The decisions from other circuits have clearly indicated an unwillingness to become embroiled in suits attacking state elections on the grounds of administrative or technical irregularities. *Hennings v. Grafton*, 523 F.2d 861 (7th Cir. 1975); *Pettengill v. Putnam County R–1 School District, Unionville, Missouri*, 472 F.2d 121 (8th Cir. 1973); *Powell v. Power*, 436 F.2d 84 (2d Cir. 1970). We think that this unwillingness to intervene "in the absence of aggravating factors such as denying the right of citizens to vote for reasons of race, . . . fraudulent interference with a free election by stuffing of the ballot box, . . . or other unlawful conduct *which interferes with the individual's right to vote,*" *Pettengill v. Putnam County R–1 School District, Unionville, Missouri*, 472 F.2d 121, 122 (8th Cir. 1973) (emphasis added), is appropriate.

Finding an absence of such factors here, we affirm the result reached by the district court.

In view of this holding, we pretermit, as unnecessary for us to decide, the issue concerning the district court's allegedly erroneous holding that certain Alabama state election laws are directory rather than mandatory. In any event, as the district court's findings show, the result of the election would be the same even if all of the (comparatively few) technically irregular ballots were invalidated and were therefore subtracted from the votes recorded for the winning candidate.

■ With respect to the plaintiffs' argument that the court's failure to hold a hearing on class certification under F.R.Civ.P. 23(c)(1) was error, it is true that the trial court had an independent obligation to determine whether the action could be brought as a class action. *Gore v. Turner*, 563 F.2d 159, 165 (5th Cir. 1977). However, the plaintiffs failed prior to trial to press

this aspect of their claim or to complain of the procedures that assured expedited trial on the merits of their allegations or to complain of the trial proceedings. It was not until after the trial on the merits and after the district court had handed down its opinion rejecting their demands that they asked for a class certification hearing, and they have failed to show that the failure to hold such a hearing prejudiced them. They have had a full trial on the merits and lost, and the error, if not waived for appellate purposes by the plaintiffs' inaction, *Camper v. Calumet Petrochemicals, Inc.*, 584 F.2d 70, 72 (5th Cir. 1978), was harmless. *King v. Gulf Oil Company*, 581 F.2d 1184 (5th Cir. 1978). See also *Satterwhite v. City of Greensville*, 578 F.2d 987 (5th Cir. 1978) (en banc).

AFFIRMED.