**J. S. GRAY, Appellant,**

v.

**George T. CURRY et al., Appellees.**

**No. A2478.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 18, 1980.

Chris Dixie, Houston, for appellant.

Lillian E. Stafford, Philip John Kuhl, Jr., Vinson & Elkins, Houston, for appellees.

Before BROWN, C. J., and MILLER and PAUL PRESSLER, JJ.

MILLER, Justice.

This is a contest of the May 3, 1980 election for Democratic Precinct Chairman of Precinct 195, Harris County, Texas. Appellee George T. Curry won the election by a margin of 7 votes, receiving 275 to 268 for his opponent, Appellant J. S. Gray. The court below upheld the election. We affirm.

Article 6.01a, Tex.Election Code Ann. (Vernon 1967), provides, among other things, that ". . . no title or other designation of status, office, position, or attainment shall be affixed to any candidate's name." Despite the plain words of the statute, appellee's name appeared on the ballot as "Rev. George T. Curry". In his application for a place on the ballot in response to the instruction, "PRINT NAME AS YOU WANT IT TO APPEAR ON THE BALLOT," Curry, who is minister of the

**246**

Mt. Pilgrim Baptist Church, had printed "Rev George T Curry". The chairman of the Democratic Executive Committee of Harris County, Anne Greene, also an appellee herein, testified that this flagrant violation of the statute was the result of clerical oversight in not removing Curry's title when the ballot was printed.

Appellant has been the Democratic Precinct Chairman of Precinct 195 for some 30 years. In that precinct, the voters of which are almost exclusively black, there are some 20 churches, a fact on which appellant relied to establish that the voters in the community are religiously oriented. This being so, appellant contends that the word "Reverend", or its abbreviation on the ballot, "Rev.", designating as it does a minister of the gospel, influenced some uninformed voters to vote for the minister rather than himself. In support of this position appellant presented testimony from his wife and two other long-term residents of the community. One of the witnesses also testified that the title would have the opposite effect on him, at least. There was no evidence offered however, that any specific individual decided to vote for appellee because of the title on the ballot.

Article 13.43a, Tex.Election Code Ann. (Vernon 1967), provides that an election contest for party precinct chairman shall be treated as though it were a primary contest. There is no provision in the election code for our ordering the party to hold a new election for a primary contest, *Ammerman v. Collins*, 464 S.W.2d 184 (Tex.Civ.App.—Texarkana 1971, no writ), and the date for holding of the run-off primary is past. Thus, we are limited either to declaring the appellant the winner of the contest or of affirming the election results and the court below.

The burden is on the contestant of an election to show that such irregularities as existed had a material affect on the outcome of the election. *Kennelly v. Gates*, 406 S.W.2d 351 (Tex.Civ.App.—Houston 1966, no writ). Appellant herein has failed to demonstrate that any voter changed his vote because of the designation of appellee as "Rev." His appeal must be denied.

Appellant has neither briefed nor argued for the proposition that the illegal designation of appellee on the ballot as "Rev. George T. Curry" disqualified him as a candidate and that as a consequence appellant should be declared the winner. Consequently, we do not reach this intriguing question. Tex.R.Civ.P. 418; *Aetna Life Insurance Co. v. Wells*, 566 S.W.2d 900 (Tex. Sup.1978).

The judgment of the trial court is affirmed.