Robert M. GOODMAN, Appellant,

v.

Herman WISE, Appellee.

No. 1949.

Court of Civil Appeals of Texas, Corpus Christi.

Aug. 6, 1981.

Rehearing Denied Aug. 25, 1981.

E. R. Fleuriet, Wiley, Hale & Fleuriet, Harlingen, for appellant.

Ramon Garcia, Edinburg, M. B. Garry, Jr., Asst. Atty. Gen., Austin, for appellee.

## OPINION

YOUNG, Justice.

This is an election contest. Both parties, Robert M. Goodman and Herman Wise, who were candidates for the office of City Commissioner of Harlingen, Texas, bring appeals from the judgment of the trial court. Contestee Goodman challenges the constitutionality of the bond filing requirements of the Texas Election Code arts. 9.09–9.13 (1967). Contestant Wise challenges certain voter irregularities in the election. The trial court found that Mr. Goodman was the duly elected candidate and denied all other claims for relief of the parties. We affirm.

The election was held on January 17, 1981, to fill two places on the City Commission of Harlingen, Texas. A field of five candidates was before the voters, who voted as follows: Tony Gutierrez (2089), Robert M. Goodman (1310), Herman Wise (1298), Ed Green (1018), and Robert F. Reed (549). On January 21, 1981, the results of the election were canvassed and Gutierrez and Goodman were declared by the City Council as the two winners of the election.

On February 20, 1981, Wise filed a contest pursuant to the Tex.Election Code Ann., Art. 9.03 (1967), challenging the vote totals on various grounds, some of which are as follows: improper tallying of absentee votes, voting by non-residents of the county, absence of protective controls on voting machines, and confusing ballot instructions. Under Article 9.09 of the Election Code, contestee Goodman had twenty days to file a bond in order to remain in office pending a judicial resolution of the election contest. Goodman failed to file a bond.

On April 14, 1981, notice was sent to Wise that Goodman did not file a bond. In compliance with Article 9.10, Wise filed his bond on April 15, 1981, which was certified under Article 9.11 to the Governor on that day. On April 28, 1981, the Governor issued a commission to Wise enabling him to fill the office pending the contest. On May 2, 1981, Wise was sworn into office as City Commissioner.

The hearing on the election contest, which took place on June 10, 1981, concerned other issues besides the legality of the election. Goodman, by way of cross-action, sought injunctive relief to enable him to remain in office. He also sought declaratory relief that Articles 9.09–9.13 were unconstitutional as violative of the due process and equal protection clauses of both the Texas and United States Constitutions. A third action brought by Goodman sought nominal damages pursuant to 42 U.S.C. § 1983. A third party action was also filed by six intervenors, who were legal voters in the election, seeking nominal damages (42 U.S.C. § 1983) and declaratory relief that their constitutional rights were violated because the person for whom they voted (Goodman) was barred from holding office pending the election contest. Since the constitutionality of a state statute was challenged, the Attorney General was served and appeared to represent the State's interest.

At the hearing, the trial court first considered the intervenor's action and found that they were not proper parties to the election contest and lacked standing to assert any of their claims. The trial court then considered Goodman's claims for in-

junctive relief, declaratory judgment, and damages, and found that it lacked jurisdiction to grant any relief for those claims. Finally, the trial court went to trial on the merits of the election contest. Thereafter, in finding that Wise had failed to carry his burden of proof as to his various claims of voter disqualification, fraud, or illegality which would change the results of the election, the Court held that Goodman was the lawfully elected City Commissioner and entitled to hold that office.

■ Findings of fact and conclusions of law were filed by the trial court specifically examining each alleged act of fraud and illegality. The judgment of the trial court, based on findings that no fraud or illegality occurred, will not be set aside if there is any evidence of a probative nature to support them. In reviewing the record, we shall consider only that evidence favorable to the findings and the judgment rendered thereon and shall disregard all evidence to the contrary. *Ray v. Farmers State Bank of Hart*, 576 S.W.2d 607, 609 (Tex.1979); *Cavanaugh v. Davis*, 149 Tex. 573, 235 S.W.2d 972 (1951); *Copenhaver v. Berryman*, 602 S.W.2d 540, 547 (Tex.Civ.App.—Corpus Christi 1980, writ ref'd n.r.e.).

■ The burden of proving illegality or fraud in an election contest is on the contestant. *Wright v. Board of Trustees of Tatum Ind. School Dist.*, 520 S.W.2d 787 (Tex.Civ.App.—Tyler 1975, writ dism'd), *Grizzaffi v. Lee*, 517 S.W.2d 885 (Tex.Civ. App.—Fort Worth 1975 writ dism'd); 21 Tex.Jur.2d Elections § 179 (1960). Not only must the contestant prove that voting irregularities were present but also that they did in fact materially affect the results of the election. *Gray v. Curry*, 603 S.W.2d 245 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ); *Setliff v. Gorrell*, 466 S.W.2d 74 (Tex.Civ.App.—Amarillo 1971, no writ). It must be shown that a " . . . different result would have been reached by counting or not counting certain specified votes or irregularities were such as to render it impossible to determine the will of the majority of the voters participating." *Ware v. Crystal City Independent School District*, 489 S.W.2d 190 (Tex.Civ.App.—San Antonio 1973, writ dism'd).

■ After thoroughly reviewing each alleged voting irregularity in light of the findings by the trial court, we affirm the judgment of the trial court that the contestant has failed to prove that the alleged fraudulent or illegal votes would have materially affected the outcome of the election. *Gray v. Curry*, supra; *Bagley v. Holt*, 430 S.W.2d 817, 821 (Tex.Civ.App.—Texarkana 1968, writ ref'd n. r. e.). Contestant Wise failed to clearly establish for which candidate the alleged fraudulent or illegal votes were cast. Evidence and testimony from the allegedly illegal voters was within the reach of the contestant from which the true result of the election could be ascertained. The contestant failed to meet this burden of proof.

■ The contestant Wise further contends that the burden was on the trial court to compel the voters to testify for whom they voted. The trial court is under no duty to compel a voter to reveal for whom he voted until fraud or illegality has been established by competent evidence. Tex. Election Code Art. 9.38b (1981). Based on the findings of fact, the trial court was not presented with competent evidence to require the voters to disclose for whom they voted. Likewise, the trial court was not compelled to declare the election void pursuant to Article 9.38b based upon the presence of a sufficient number of illegal votes to change the outcome of the election. This statute provides the trial court with wide discretion in this regard, and we will not overrule the trial court's decision unless a clear abuse of discretion has occurred. *Garcia v. Avila*, 597 S.W.2d 400, 403 (Tex.Civ. App.—San Antonio 1980, dism'd); *Villarreal v. Hedrick*, 579 S.W.2d 41 (Tex.Civ.App. —Corpus Christi 1979, dism'd); *Little v. Alto Ind. School Dist. of Alto, Cherokee Cty.*, 513 S.W.2d 886 (Tex.Civ.App.—Tyler 1974, dism'd). We affirm the trial court's action in resolving the election contest in favor of Goodman.

Contestee Goodman also brings several challenges to the judgment of the trial court. By affirming the judgment of the trial court, which establishes the right of Goodman to hold office, we need not resolve the matter of injunctive relief sought by Goodman because the subject matter of the temporary injunction is moot. The granting of a temporary injunction would serve no purpose since there is no need to preserve the status quo. *Birds Const., Inc. v. Gonzalez,* 595 S.W.2d 926 (Tex.Civ.App.—Corpus Christi 1981, no writ); *Pickard v. Castillo,* 550 S.W.2d 107 (Tex.Civ.App.—Corpus Christi 1977, no writ).

Goodman also challenges the constitutionality of certain provisions of the Election Code pertaining to the execution and filing of a bond by the contestee during a challenge. Tex.Election Code arts. 9.09–9.13 (1967). These provisions of the Election Code, according to Goodman, violate the contestee's equal protection and due process rights guaranteed by the Constitution by requiring the contestee to post bond pending the election contest. As a result of these constitutional violations, the contestee seeks nominal damages under 42 U.S.C. § 1983.

Election contests, by their very nature, are challenges to the election process. *City of Kingsville v. International Ass'n., etc.,* 568 S.W.2d 397, 399 (Tex.Civ.App.—Corpus Christi 1978, no writ). There are compelling state interests to promptly resolve the disputed issues in order to put into office the duly elected candidate. For this reason, the scope of election contests is very limited, purposely designed to resolve matters happening on the day of the election. *Stelzer v. Huddleston,* 526 S.W.2d 710 (Tex.Civ.App.—Tyler 1975, dism'd). By limiting the scope of the review, the trial court can make its determination of which candidate rightfully belongs in office without having to resolve other litigated issues.

The trial court in this case properly made a determination of which candidate was entitled to hold the office. This determination was the sole issue before the court in the election contest. The trial court had already ruled that it lacked jurisdiction to resolve the issues of constitutionality of the statutes and damages under 42 U.S.C. § 1983. As we will demonstrate, the trial court properly denied the contestee's constitutional and damages claims for lack of jurisdiction. See *Gamza v. Aguirre,* 619 F.2d 449, 454 (5th Cir.1980) and *Saxon v. Fielding,* 614 F.2d 78, 79 (5th Cir.1980).

No infringement of either the due process or equal protection clauses are caused by requiring a candidate to post a bond pending the results of an election contest. These provisions of the Election Code provide an efficient means to keep the governmental entity in question running smoothly by filling decision-making roles with that candidate who received the highest vote totals. The control and regulation of election contests is largely a matter left up to the individual states to resolve. "... Texas has the power to control the disposition of contests over elections to its state and local offices." *Hubbard v. Ammerman,* 465 F.2d 1169 (5th Cir.1972, en banc), cert. denied, 410 U.S. 910, 93 S.Ct. 967, 35 L.Ed.2d 272. Therefore, the action of the Legislature of this State in requiring the filing of a bond pending the resolution of an election contest was not unconstitutional. All points of error of all parties are overruled.

The judgment of the trial court is affirmed.

NYE, C. J., not participating.