Melvin TUCKER, James Little and Irma Starks, Individually and on behalf of all others similarly situated, Plaintiffs,

v.

Cecil BURFORD, H.S. Handreker, Frank McCurty, Jr., Preson Tidwell, Preston Phillips, Members of the Panola County Election Commission; Horace Mathews, Bill Knox, Mack Benson, Johnny Cooper, David Ross Craig, Members of the Panola County Board of Supervisors; Leonard Morris, Alton Milan, O.T. Marshall, James Hal Moore, Bryant Woodruff, Members of the Panola County School Board, Defendants.

No. DC84–188–NB–O

United States District Court, N.D. Mississippi, Delta Division.

Feb. 15, 1985.

Leonard McClellan, Oxford, Miss., Minnie Howard, Batesville, Miss., for plaintiffs.

Hubbard T. Saunders, IV, Jackson, Miss., William H. McKenzie, III, Ben Barrett Smith, Batesville, Miss., for defendants.

MEMORANDUM OPINION

BIGGERS, District Judge.

This cause came before the court on the plaintiffs' request to shorten the terms of various elected officials in Panola County, Mississippi and to order a special election to fill the balance of such terms. The plaintiffs' cause of action arose because of unequal population among the five voting districts which comprise Panola County, Mississippi. According to the current United States Census, the maximum population deviations among these five districts is 30.96%.[1] Thus, the districts are presumptively in violation of the one-man/one-vote principle discussed in *Reynolds v. Sims*, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964), which requires that voting districts contain roughly equal population. *See Brown v. Thomson*, 462 U.S. 835, 842, 103 S.Ct. 2690, 2696, 77 L.Ed.2d 214, 221–22 (1983) (population deviations exceeding ten percent generally unconstitutional unless justified by state or local government). In the present case, the defendants have conceded that the voting districts are malapportioned and must be redistricted.

On October 3, 1984, the plaintiffs filed suit seeking to alleviate the effect of the malapportionment upon both the then upcoming November 6, 1984 election for Panola County Election Commissioners and Board of Education Members and the past November, 1983 election for five members of the Panola County Board of Supervisors. With respect to the November 6, 1984 election, the plaintiffs sought an injunction against the election until implementation of an acceptable redistricting plan. If the 1984 election were not enjoined, the plaintiffs alternatively sought shortened terms for those officials elected from malapportioned districts and a special election within a reasonable time after completion of the redistricting process. Similarly, the plaintiffs asserted that the November, 1983 election results should be voided, and a

new election should be held following redistricting.

Following oral argument by counsel on October 19, 1984, this court denied the plaintiffs' request to enjoin the November 6, 1984 election since the machinery of the election process was already in progress. *See Reynolds v. Sims*, 377 U.S. 533, 585, 84 S.Ct. 1362, 1393–94, 12 L.Ed.2d 506, 541 (1964). In the present case, the ballots had been printed, the candidates had been qualified, and considerable money and time had been expended in campaigning before the plaintiffs filed this suit. However, the court reserved ruling on the plaintiffs' request to shorten the terms of the officials elected from the malapportioned districts, and requested that the parties submit briefs on this issue. Having received and considered the briefs submitted, and being fully advised in the premises thereof, this court is now in a position to rule on the plaintiffs' requests.

The court notes at the outset that, in filing this suit on October 3, 1984, the plaintiffs sought pre-election relief with regard to the November 6, 1984 election, but seek post-election relief with regard to the November, 1983 election. Because of the different posture of the plaintiffs with respect to these elections, the elections will be treated separately.

### NOVEMBER, 1983 ELECTION FOR FIVE MEMBERS OF PANOLA COUNTY BOARD OF SUPERVISORS

 Although conceding that the voting districts in Panola County were malapportioned at the time of the November, 1983 election, the defendants assert that the failure of the plaintiffs to seek pre-election relief is fatal to their claim. Courts often require plaintiffs to seek pre-election judicial relief as a prerequisite to voiding an election and ordering a special election due to constitutional violations. *See, e.g., Hadnott v. Amos*, 394 U.S. 358, 89 S.Ct.

---

1. The maximum population deviation is computed by determining the average population of the districts in issue, then totaling the percentages by which the two districts containing either the largest or the smallest population vary from such average. Thus, the percentage computed is the deviation between the most and least populous districts.

1101, 22 L.Ed.2d 336 (1969); *Hamer v. Campbell*, 358 F.2d 215, 222 (5th Cir.1966); *McGill v. Ryals*, 253 F.Supp. 374 (M.D.Ala. 1966), *appeal dismissed*, 385 U.S. 19, 87 S.Ct. 212, 17 L.Ed.2d 17 (1966). The rationale for this requirement was expressed by the court in *Toney v. White*, 488 F.2d 310 (5th Cir.1973) (hereinafter *Toney II*) as follows:

> [F]ailure to require prompt pre-election action ... as a prerequisite to post-election relief may permit, if not encourage, parties who could raise a claim "to lay by and gamble upon receiving a favorable decision of the electorate" and then, upon losing, seek to undo the ballot results in a court action.

*Id.* at 314, *quoting Toney v. White*, 476 F.2d 203, 309 (5th Cir.1973) (hereinafter *Toney I*). However, the defendant incorrectly asserts that the seeking of pre-election relief is mandatory before a court may void an election and order a special election. *See, e.g., Toney II*, 488 F.2d at 315–16; *Bell v. Southwell*, 376 F.2d 659, 664 (5th Cir.1967). The court must consider the failure of the plaintiffs to seek pre-election relief in view of all the facts and circumstances of the case, including whether pre-election relief was available. *Toney II*, 488 F.2d at 314. Furthermore, the defendants have a heavy burden of showing that the plaintiffs deliberately by-passed pre-election relief. *Id.* at 315.

The plaintiffs strenuously contend that their failure to seek pre-election relief is due to error by the United States Census Bureau. The record discloses the difficulty which the plaintiffs have encountered in obtaining accurate 1980 census figures for the five voting districts of Panola County. The original census results, which were disclosed in 1982, revealed a maximum population deviation of plus/minus 32.1%. However, in either March or April, 1984, the plaintiffs began inquiry with the United States Census Bureau regarding whether the census figures were based upon the current district boundary lines or on the pre-1978 lines that were no longer in force. On August 10, 1984, the plaintiffs' attorneys received notification from the Census Bureau that some of the boundary lines used were in fact incorrect. The corrected figures given by the Census Bureau revealed a maximum population deviation of plus/minus 31.58%. After further inquiry the plaintiffs received another letter on October 1, 1984 from the Census Bureau which described additional boundary problems and indicated that revised figures were forthcoming. Thereafter, the present suit was filed on October 3, 1984. The plaintiffs received additional corrected population figures on November 19, 1984, which revealed a maximum population deviation of plus/minus 30.96% in Panola County.

■ The case at bar presents a difficult question. The official population figures consistently disclosed to both the plaintiffs and to the Panola County officials that the voting districts had maximum population deviations exceeding plus/minus 30%. Furthermore, *Brown v. Thompson*, 462 U.S. at 843, 103 S.Ct. at 2696, 77 L.Ed.2d at 221–22, clearly states that maximum population deviations exceeding ten percent among voting districts establish a prima facie case of discrimination. Thus, both parties had ample opportunity to take some corrective action prior to the November, 1983 election. Although the court abhors the failure of the Panola County officials to redistrict prior to the November, 1983 election so as to conform to the one-man/one-vote principle despite knowledge of a maximum population deviation exceeding 30% in the districts, the court is mindful that the plaintiffs chose not to seek relief prior to the November, 1983 election despite official census figures which indicated malapportioned districts. Furthermore, it is apparent that the erroneous figures originally reported by the Census Bureau in no way prejudiced the plaintiffs, inasmuch as the official figures consistently showed that the districts were malapportioned.

The court has no doubt that pre-election relief was available with regard to the November, 1983 election if the plaintiffs had been timely in seeking relief. Although

this court is troubled by the tardiness of the Panola County authorities in redistricting, it is also concerned that to grant the extraordinary relief of setting aside an election, *see, e.g., Cook v. Luckett,* 735 F.2d 912, 921–22 (5th Cir.1984) (voiding election a drastic remedy); *Saxon v. Fielding,* 614 F.2d 78, 79–80 (5th Cir.1980) (same); *United States v. Louisville Municipal Separate School District Board of Trustees,* 557 F.Supp. 1168, 1172 (N.D.Miss.1983) (same), when no circumstances barred timely suit by the plaintiffs, would be to embrace the hedging posture discouraged in *Toney II,* 488 F.2d at 314. Thus, this court holds that the plaintiffs waived their right to relief with regard to the November, 1983 election by failure to seek pre-election relief, inasmuch as no extraordinary circumstances precluded such action. *Cf. Toney II,* 488 F.2d at 315–16 (election set aside despite failure to seek pre-election relief; occurrence of discriminatory activity thirty days prior to election); *Bell v. Southwell,* 376 F.2d at 663–64 (same; occurrence of discriminatory activity on election day). *See generally Toney II,* 488 F.2d at 313–15 (discussion of timeliness requirement with regard to voiding election).

NOVEMBER 6, 1984 ELECTION FOR PANOLA COUNTY ELECTION COMMISSIONERS AND BOARD OF EDUCATION MEMBERS

■ The November 6, 1984 election stands on different footing from the 1983 election, inasmuch as the plaintiffs sought pre-election relief. In this case, wherein officials were elected from admittedly malapportioned districts, and pre-election relief was sought, the paramount fact is that all persons in Panola County are currently represented by unconstitutionally elected officials. Thus, this court has no difficulty in determining that the terms of the officials elected in the November 6, 1984 election should be shortened and a special election held to fill the remainder of these terms. However, these officials shall continue to hold the offices for which they were elected in the November 6, 1984 election until a constitutionally acceptable redistricting is implemented and a special election is held for these offices.

CONCLUSION

Panola County, Mississippi has already begun the process of redistricting into constitutionally acceptable districts. However, to facilitate redistricting whereby officials may be constitutionally elected, the court establishes the following timetable:

(1) A redistricting plan that has been pre-cleared in accordance with § 5 of the Voting Rights Act, 42 U.S.C. § 1973c (1981), shall be submitted to this court no later than September 1, 1985.

(2) Thereafter, this court shall determine the manner in which the county should be redistricted. Oral argument will be requested if necessary.

(3) Following the implementation of the redistricting as ordered by the court, a special election shall be held within thirty days to fill the unexpired portion of the terms of those officials elected on November 6, 1984.

This court retains jurisdiction over this case to make such modifications as it sees fit.

Let an order issue accordingly.

ORDER

In accordance with a memorandum opinion this day issued, it is hereby ORDERED:

1. That the November, 1983 election for five members of the Panola County Board of Supervisors shall remain fully valid;

2. That the November 6, 1984 election for Panola County Election Commissioners and Board of Education Members shall be set aside; provided, however, that those officials elected in such election shall continue to hold the offices for which they were elected until a constitutionally acceptable redistricting plan is implemented and a special election held for those offices;

3. That a redistricting plan that has been pre-cleared in accordance with § 5 of the Voting Rights Act, 42 U.S.C. § 1973c

(1981), shall be submitted to this court no later than September 1, 1985;

4. That following implementation of redistricting as ordered by the court, a special election shall be held within thirty days to fill the unexpired portion of the terms of those officials elected in the November 6, 1984 election; and

5. That this court shall retain jurisdiction over this case to make such modifications as it sees fit.

THIS, the 12th day of February, 1985.