Howard HILL, Petitioner,

v.

Ronnie MILLER, Respondent.

No. C–4661.

Supreme Court of Texas.

July 16, 1986.

Rehearing Denied Sept. 17, 1986.

Mark D. Davidson, Houston, for petitioner.

Chris J. Kling, Lawrence, Thornton, Payne, Watson & Kling, Bryan, for respondent.

CAMPBELL, Justice.

This is an appeal of an election contest for the office of sheriff of Brazos County. The trial court found that illegal votes of sufficient number to change the outcome had been cast and declared the election void. The court of appeals reversed the judgment of the trial court and rendered a take-nothing judgment against the contestant, Howard Hill, holding that Hill had failed to prove illegality or fraud in the contested election. 698 S.W.2d 372. The court concluded that evidence of the number of illegal votes cast in the general election was not evidence of the number of illegal votes cast in the contested election for county sheriff.

This is an election contest for a local office, and we must first consider the question of our jurisdiction. The judgment of the court of appeals is conclusive in an election contest unless (1) the contest concerns a statewide office, Tex.Gov't Code Ann. § 22.225(b)(4) (Vernon 1986); (2) the validity of a statute is questioned by the decision, *Id.;* (3) a justice in the court of appeals dissents on a material question of law, Tex.Gov't Code Ann. §§ 22.225(c) and 22.001(a)(1) (Vernon 1986); or (4) a conflict exists between the opinion of the court of appeals and a prior opinion of another court of appeals or the Supreme Court. Tex.Gov't Code Ann. §§ 22.225(c) and 22.-001(a)(2) (Vernon 1986). Hill argues that we have jurisdiction over this election contest because "the validity of a statute is

questioned by the decision" of the court of appeals. Tex.Gov't Code Ann. § 22.-225(b)(4) (Vernon 1986). Hill, however, does not argue a point of error on the validity of any statute. Instead, he relies on a point of error raised in the court of appeals by his opponent, Ronnie Miller. That court found it unnecessary to address Miller's point challenging the constitutionality of a statute because it held for Miller on other grounds. Hill, nevertheless, contends that a holding on the point is not necessary because the mere allegation that a statute is unconstitutional serves as a predicate for this court's jurisdiction in an election contest. We disagree.

██ Although it is not essential that a court of appeals hold a statute unconstitutional before our jurisdiction attaches, the point of error challenging the statute must be material to a holding of the court of appeals and preserved for review in this court. *Christy v. Williams,* 156 Tex. 555, 298 S.W.2d 565, 567 (1957); *Thomas v. Groebl,* 147 Tex. 70, 212 S.W.2d 625, 626–27 (1948). This normally will occur in one of two ways. The appellant in the court of appeals will ordinarily be the party to raise a point of error challenging the validity of some statute applied by the trial court. If the court of appeals rejects the challenge and affirms the judgment of the trial court, the appellant must preserve the point in his motion for rehearing and present the point by proper assignment in this court. If, on the other hand, the court of appeals agrees with appellant that the statute is invalid, it is the appellee who must preserve error by challenging the holding in a motion for rehearing and by presenting the point to this court in an application. In either instance, there must be a point of error in the motion for rehearing referable to the validity or invalidity of the statute followed by a point of error in this court.

██ Hill has never challenged the validity of any statute. He only argues that the court of appeals has misconstrued the requirements of Tex.Elec.Code Ann. § 9.38b (Vernon 1986). Construction or application of a statute will not put in issue the "validi-

ty" of a statute for purposes of our jurisdiction in an election contest. *Christy v. Williams*, 298 S.W.2d at 567. Because the validity of a statute is not at issue, Hill's allegation under § 22.225(b)(4) of the Government Code does not invoke our jurisdiction in this election contest.

■ As an additional basis for jurisdiction, Hill argues that the present opinion of the court of appeals conflicts with *Deffebach v. Chapel Hill Independent School District*, 650 S.W.2d 510 (Tex.App.—Tyler 1983, no writ) and *Goodman v. Wise*, 620 S.W.2d 857 (Tex.Civ.App.—Corpus Christi 1981, writ ref'd n.r.e.). When the jurisdiction of this court depends upon a conflict of decisions, the conflict must be apparent from the face of the opinions, must relate to a question of law, and must concern essentially the same state of facts so that the decision in one case is conclusive of the decision in the other. *Rogers v. Rogers*, 561 S.W.2d 172, 173 (Tex.1978); *Torrez v. Maryland Casualty Co.*, 363 S.W.2d 235, 236 (Tex.1963). The two cases cited here for conflict do not meet these requirements.

In this case, the trial court declared the election void after determining that more illegal votes were cast in the general election than the margin of victory in the race for county sheriff. The court of appeals reversed the judgment of the trial court holding that it was not sufficient to show the number of illegal votes cast in the general election. Instead, the court of appeals held it was the contestant Hill's burden in a multi-race election to show that the number of illegal votes actually cast in the contested race for county sheriff was greater than the margin of victory in that specific race. *Deffebach* and *Goodman* are distinguishable because the ballot in those cases involved a single race or issue—a school bond election in *Deffebach* and a city commissioner's election in *Goodman*. Therefore, unlike the present case, the illegal voting unquestionably occurred in the election being contested.

This court does not have jurisdiction over this election contest. We express no opinion on the merits, but reserve construction of the Election Code and the issues addressed by the court of appeals for determination in the proper case. Our previous order granting Howard Hill's application for writ of error is withdrawn, and the application for writ of error is dismissed for want of jurisdiction.

KILGARLIN, J., files a dissenting opinion in which SPEARS and RAY, JJ., join.

KILGARLIN, Justice, dissenting.

I respectfully dissent. This court has jurisdiction of this case because "the validity of a statute is questioned by the decision" of the court of appeals. Tex.Gov't Code § 22.225(b)(4); *Thomas v. Groebl*, 147 Tex. 70, 212 S.W.2d 625 (1948). In *Thomas v. Groebl*, this court held it had jurisdiction in an election contest where a statute's "constitutionality was attacked by three points of error in the appellants' brief and [the court of civil appeals] in its opinion gave serious consideration to them. The decision of the Court of Civil Appeals therefore, questioned the validity of the statute, as it 'raised a question about', 'called in question', its validity and subjected the question to judicial examination." 212 S.W.2d at 627.

In the present case, the appellant in the court of appeals, Ronnie Miller, challenged the constitutionality of article 9.38b of the Texas Election Code. In his point of error number 27, Miller argued "the trial court erred for the reason that its application of Tex.Elec.Code, art. 9.38b was unconstitutional." Miller asserted that article 9.38b was unconstitutional if it could be applied to lessen a contestant's burden to prove that illegal votes were cast in the specific election contested.

Miller clearly challenged the validity of article 9.38b. Although the court of appeals did not expressly consider Miller's constitutionality argument, it was faced with the challenge and accepted the interpretation of article 9.38b argued by Miller as the correct constitutional interpretation. The court of appeals had the constitutional-

ity point before it and obviously sustained the act as valid. Under our holding in *Thomas v. Groebl*, this should be sufficient to give the court jurisdiction.

*Thomas v. Groebl* should not be read to require that a court of appeals must in every case write on constitutionality in order for this court to have jurisdiction. In *Christy v. Williams*, 156 Tex. 555, 298 S.W.2d 565 (1957), this court again considered whether it had jurisdiction in an election contest on the ground that the decision of the court of civil appeals questioned the validity of a statute. This court concluded that the court of civil appeals had construed statutes but had not "questioned the validity of such statutes, either by affirming or denying their validity." The court then pointed out that "[f]or that matter, petitioners had before the Court of Civil Appeals no point of error challenging the validity of such statutes" and cited *Thomas v. Groebl.*

The significant fact in this case is that Miller challenged the constitutionality of article 9.38b in the court of appeals. The court of appeals' opinion affirms the validity of that article, accepting Miller's interpretation. It is irrelevant that Miller, the appellant below, is now the respondent here. *Thomas v. Groebl* requires only that the validity of a statute be attacked by the appellant in the court of appeals. It does not require that the appellant appear as petitioner in this court. Such a requirement would serve no purpose. In fact, under the court's decision in this case, an appellant in the court of appeals can control whether this court will have jurisdiction in an election contest, assuming no dissent in the court of appeals or lack of conflict with decisions of other courts.

If an appellant raises a point of error challenging the constitutionality of a statute, he will always have the right to seek review in this court. He will have the right to that review even though the court of appeals does not address his constitutionality argument and even though his argument is frivolous. And this court would have jurisdiction not only over the appellant's

constitutionality argument, it would have jurisdiction to review and pass upon all arguments raised before it. *Thomas v. Groebl,* 212 S.W.2d at 627. Thus, an appellant has nothing to lose and will be sure to raise a constitutional challenge in the court of appeals (and the more frivolous the better). If the appellant wins in the court of appeals, our decision today means the appellee cannot rely on appellant's constitutional argument to obtain jurisdiction; but if the appellant loses, the simple fact that he raised a constitutional argument insures supreme court jurisdiction for review. Such manipulation is not intended nor mandated by our prior decisions, nor does it make good sense.

Jurisdiction arises when the court of appeals questions a statute either by affirming or denying its validity. Who raises the challenge and who prevails on the point do not and should not affect this result. This court has jurisdiction based on *Thomas v. Groebl* and may consider the points raised by Howard Hill.

Having jurisdiction, we should address the single issue presented in this case: whether article 9.38b requires a contestant prove that illegal votes were cast in the specific race contested or whether it is sufficient for the contestant to prove that illegal votes were cast in the general election. In the general election held on November 6, 1984, Ronnie Miller was elected sheriff of Brazos County. Miller received 22,146 votes and Howard Hill received 21,984 votes.

Hill filed an election contest claiming that illegal votes altered the outcome of the election. The trial judge held that illegal votes were cast in the general election and that the number of illegal votes was sufficient to change the outcome of the election for the office of sheriff. The trial court declared that the election for the office of sheriff was void and ordered that another election be held for the office at the earliest statutory date for special elections.

Ronnie Miller appealed the decision of the trial court. The court of appeals held that in an election contest, the contestant

must prove that illegal votes were cast in the specific race being contested and that a different result would have been reached by not counting certain specified votes affected by the illegalities. The court concluded that Hill had not proved that illegal votes were cast in the election for the office of sheriff and reversed the trial court judgment. 698 S.W.2d at 375.

Article 9.38b of the Texas Election Code provides in part:

> In an election contest ... any voter who fraudulently or illegally casts a ballot or who casts a fraudulent or illegal ballot at any general, special, or primary election may be required and compelled, after the fraud or illegality has been established by competent evidence before a tribunal of competent jurisdiction, to disclose in testimony before the tribunal having jurisdiction of the matter the name of any candidate for whom he voted and the way he voted on any question at the election.... *In an election contest, instead of undertaking to determine how individual voters voted, the tribunal may declare the election void and order another election if the number of illegal votes is sufficient to change the outcome of the election.*

Amended, Act of May 24, 1985, ch. 211, § 221.009, 1985 Tex.Sess.Law Serv. 1641 (Vernon) (emphasis added).

The duty of a trial court under this article is clear. Instead of determining how individual voters voted in an election, a trial court may declare an election void if the number of illegal votes proved by the contestant is sufficient to have changed the outcome of the election. Under the court of appeals decision in this case, no person challenging an election can prevail without producing voter testimony. This is precisely the situation article 9.38b allows a trial court to avoid.

The court of appeals requires a contestant produce the illegal voters at trial and get each to testify that he voted for the contestant's opponent. But what if those voters cannot be found? What if those voters are not amenable to subpoena?

Even assuming they could be found and subpoenaed, what assurance do we have that they would remember for whom they voted, or if they voted in the contested race at all? How credible are we to consider persons already in violation of the law?

To follow the decision of the court of appeals will make it virtually impossible for an election contestant ever to prevail. The problems are particularly exacerbated in this case. Hill states that 40% of the illegal voters could not be found in order to subpoena them. Hill alleges that roughly one-half of the illegal voters resided in Brazos County voting precincts 20 and 35, which trial testimony indicates encompass the Texas A & M campus. Assuming that a part of the illegal voters in those two precincts moved, graduated, transferred, or quit, how does Hill prove his case? Since Tex.R.Civ.P. 176 limits subpoenas to one hundred miles, is Hill to travel about the state, or even beyond, in the hope that he can depose voters, who may or may not remember anything. If it were the intent of the court of appeals to judicially abolish election contests by instituting requirements of proof that can rarely be met, its opinion in this case will surely accomplish that goal until this court is given the opportunity to write on the matter.

In this case the number of illegal votes found by the trial court was 246. There clearly is evidence to support the trial court's finding that 218 persons who never made a valid application for a voter registration certificate voted in the general election and that 28 persons voted in the general election whose applications for voter registration certificates were postmarked or received on or after the deadline, October 8, 1984. The number of votes separating Miller and Hill in the sheriff's race was 162. Obviously the number of illegal votes was sufficient to have changed the outcome of the sheriff's election. The trial judge was therefore within his discretion in declaring the sheriff's election void and ordering another election.

The court of appeals' decision, insofar as it holds that the trial judge abused his

**318**

discretion in determining that the number of illegal votes was sufficient to have changed the outcome of the sheriff's election conflicts with the clear language of article 9.38b of the Texas Election Code. Accordingly, I would reverse the decision of the court of appeals and remand the cause to that court for consideration of Ronnie Miller's insufficiency points of error.

SPEARS and RAY, JJ., join in this dissent.